Bronson, Ch. J.
 

 In using the word “perfected,” the second rule of this court follows the code; and although there is room for doubt, we think an appeal is perfected within the meaning of the code, when the proper undertaking, with an affidavit of the sureties, has been executed, and notice of the appeal has been served on the adverse party and on the clerk with whom the judgment or order was entered. It is true that the appeal may still fail should there be an exception to the sufficiency of the sureties and they should not justify. (§ 341.) But when the party has executed the undertaking and given notice, he has done all in his power to perfect the appeal; and the proceedings ought then to be stayed, without requiring him to get an order for that purpose. And if the appeal is deemed perfected for the purpose of a stay, it ought also, to be deemed perfect for the purpose of requiring the appellant to take the next step in the cause. The twenty days allowed by the second rule for procuring a return, (and the forty days allowed by the seventh rule for serving cases,) should commence running from that
 
 *563
 
 time. The order dismissing the appeal was not, therefore, taken too soon..
 

 But on the facts disclosed in the papers, which I need not repeat, we think the respondent waived the order dismissing the appeal, and was not afterwards at liberty to set it up. On this ground the motion should be granted.
 

 There has been no return or remittitur in this case as there was in
 
 Dresser
 
 v.
 
 Brooks, {ante, p.
 
 559.) And vacating the order dismissing the appeal will leave the parties in the same position as though the order had never been entered.1
 

 Motion granted.