## SUPREME COURT.

## [ No. 8. ]

### DAVID S. MILLS agt. JOHN B. THURSBY and others, executors of John Thursby, deceased.

An application to order an undertaking on appeal to be filed *nunc pro tunc*, is in the *discretion* of the court.

And the court has a discretion to order a *stay of proceedings* on appeal from the special to the general term, where no proper undertaking has been filed and served, even if it were necessary (under § 340,) that a copy of the undertaking be served with the notice of the appeal. (*See Code*, §§ 275, 327.)

Where it appears that an appeal from the special to the general term is taken in good faith, and that the appeal does not, upon its merits, appear to be frivolous, although no proper undertaking may have been filed and served with the notice of appeal, the court will allow the undertaking to be filed, and a copy of it served as of the day when the notice was served, with liberty to the respondent to except to the sureties, with a stay of proceedings until the appeal be decided.

*New-York Special Term, May* 12, 1854.

THIS was a motion to amend an appeal from a judgment in a proceeding against the executors of a deceased judgment debtor, who was summoned under sections 375 and 376 of the Code, providing that his " *personal representatives* " be " summoned at any time *within one year* after their appointment," " to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned."

N. DANE ELLINGWOOD, *for the appellants*, insisted the mistake of appellants was accidental, and ought to be amended.

ALBERT MATHEWS, *for the respondent*, contended the appeal was frivolous, and not taken in good faith ; and relied on the above named sections of the Code, as amended, to sustain the regularity of the judgments.

MITCHELL, Justice.—Mills recovered a judgment in this court against John Thursby, the testator, for $19,455.78-100th, on 13th September, 1851.

The testator died 23d April, 1853, and the defendants were appointed his executors on the 15th of June following. On the 12th of the following November, the plaintiff issued a summons against these defendants, requiring them to show cause at a special term of this court, in twenty days after service of the summons, why that judgment (describing it as obtained on the 13th September, 1851, for $19,455.78,) should not be enforced against the estate of said John Thursby, in the hands of the executors ; *or* why further relief should not be granted.

No complaint was filed or served, and no summons as on a new action ; but the summons above described was accompanied by the affidavit of the plaintiff's attorney, who had subscribed the summons, showing the amount and date of the judgment, the death of the testator, and the appointment of the executors, and that no part of the judgment was paid.

The defendants, by way of answer, denied that such judgment was rendered. The matter was heard at special term, on 9th March, 1854, and an *order* made reciting the true amount of the judgment and its date, and the other facts above stated ; and on that order judgment was entered on 17th March, 1854, stating the principal and interest due on the first judgment, and the costs on this proceeding, and adjudging that the plaintiffs recover of the *defendants*, as *executors* of the will of John Thursby, deceased, the said amount so ordered to be paid and interest and costs, in the whole amounting to $23,024.94 ; *and* that the property and estate of John Thursby be applied to the

NEW-YORK PRACTICE REPORTS. 131

Mills agt. Thursby and others, ex'rs, &c.

payment thereof; and *that the defendants pay the same to the plaintiff*, and that he *have* execution therefor.

From this judgment, the defendants appealed in due time to the general term, and gave an undertaking with four sureties, two of whom justified in $14,000 each, and two in $10,000 each.

This was held to be irregular, and a stay refused on that account. A new undertaking was then given by two sureties, who justified in $40,049.89-100th each. This was objected to as not being double of the judgment, and of the $250 for the costs on appeal. After that, on the 11th of April last, a third undertaking was executed by two sureties who justified in $47,000, and a copy was served with notice on the plaintiff's attorney. The defendants now move for a stay of proceedings until the appeal be decided, and that the last undertaking be filed *nunc pro tunc*, as of the day when the notice of appeal was served, with liberty to the plaintiff to except to the same.

The defendants have, evidently, honestly intended to give the requisite security, and in due form; they have twice slipped in a matter of practice—but the undertaking was each time in due form, and the justification alone imperfect in form.

The Code has an express provision, that when a party shall give, *in good faith*, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal, *or to stay proceedings;* the court may permit an amendment on such terms as may be just. (*Code,* §§ 327, 275.)

This applies directly to this case, if the appeal was taken in good faith. Section 348 also allows a stay of proceedings on an appeal from the special to the general term, on such terms, as to security or otherwise, as may be just. The court, therefore, has a discretion to order a stay, even if it were necessary (under § 340) that the copy of the undertaking be served with the notice of appeal. This application to order the undertaking to be filed *nunc pro tunc*, is to the discretion of the court.

The plaintiff, therefore, has insisted that there are palpably

no merits in this· appeal. This requires the judgment to be looked into. The judgment appealed from professes to be founded on sections 376 to 381 of the Code. Those sections apply only to the *heirs, devisees or legatees* of the judgment debtor, or his *terre tenants*—these defendants are neither heirs, devisees, legatees, or terre tenants—they are simply executors. The proceedings·under those sections cannot be commenced until after the expiration of three years from the granting of letters testamentary; this was commenced within five months after that time.

·If this was intended as a new action, the summons should have required the defendants to answer the *complaint*, and serve a copy of the answer, and should have stated that, in default of an answer, the plaintiff would take judgment for a certain amount, or apply for the relief demanded in the *complaint*. (*Code*, §§ 128, 129, 107, 108.)

The summons served did not in any respect comply with this. It was to show cause as on.a motion, and did not refer to any complaint, and no complaint was ever filed, or ever formed any part of the judgment.

If this proceeding were intended as a substitute for a *scire facias*, the relief is to be sought by a new action, (*Code*, § 428,) and not under § 376, &c.

. The judgment against executors at common law, when they were not guilty of false pleading, was for the amount of the debt " to be levied on the goods and chattels of the testator in the hands of the executors, unadministered ;" it now is probably never to be entered against the defendants personally, except for costs under certain circumstances. This judgment is, that " the plaintiff recover of the defendants, as executors," the whole of the original judgment, interest and costs; this is a distinct part of the judgment, and *may be* considered as binding them personally—and it *may be* that the additional clause, which is cumulative, and not restrictive in its language, affords an additional remedy, and is no limitation on the first part of the judg-, ment, viz., " *and* that the property and estate of John Thursby be applied to the payment thereof;" especially as the· next·

sentence in the judgment is also cumulative and personal to the defendants, and not against them as executors, viz., "*and that the defendants pay the same to the plaintiff*," and that he have execution therefor.

The summons asked for no personal remedy against the defendants, but that the judgment might be enforced against the *estate* of John Thursby in the hands of the executors, *or for further* relief. Still, the judgment seems to be against the defendants personally.

This judgment seems to assume that the executors have sufficient assets to pay this debt, and that there are no other judgments or debts of a higher nature. Yet it was entered only nine months after letters testamentary were granted, and so before these facts could be ascertained by legal notice to the creditors of the testator to present their claims.

The law points out the remedy of a creditor who has judgment against an executor, and directs him to apply to the surrogate for an order against the executor to show cause why execution should not issue on the judgment, and on such citation the surrogate is to inquire as to the assets applicable to such judgment, (2 *R. S.*, 116, §§ 19, 20,) and declares that " no execution shall issue upon a judgment against an executor or administrator, until an account of his administration shall have been rendered and settled; or on an order of the surrogate."

Yet this judgment, without the executor's account being settled, and without any order of the surrogate, orders execution to issue. (2 *R. S.*, 88, § 32 ; *see id.*, 363, § 3.)

It may be that in some of these respects the judgment appealed from is so erroneous that it must be set aside on appeal, although no exceptions were taken ; and it may be also, that, on appeal to the general term, an error in the proceedings, not occurring at the trial, may be noticed, although not pointed out at the special term. The questions are worthy of deliberate examination, and enough is shown to prove that the appeal is taken in good faith, and that the discretion of the court would be properly exercised in allowing the undertaking to be filed, and a copy of it served as of the day when the notice was

served, with liberty to the plaintiff to except to the sureties, and with a stay of proceedings until the appeal be decided, if the present sureties or new sureties shall satisfactorily justify.

No costs are given to either party.