## WEBSTER *a.* STEPHENS.

*New York Superior Court; Special Term, September,* 1856.

### APPEAL TO COURT OF APPEALS.—NOTICE OF EXCEPTION TO SURETIES.

On appeal, the respondent may except to the sureties in the undertaking within ten days after it is *filed,* though more than ten days have elapsed after a copy of it and the notice of appeal were served.

Motion that notice of exception to sureties on appeal to the Court of Appeals, be vacated, or that the time for justifying be extended.

The plaintiff served on the defendant on August 18 a notice of appeal to the Court of Appeals, and a copy of the undertaking executed to effect a stay of proceedings. The undertaking was not filed until September 13, and on the 16th de-

fendant excepted to the sureties in the undertaking. Plaintiff now moved that the notice of exception " be vacated and set aside," or that the time for justifying be extended.

*M. K. Burke*, for plaintiff.

*Henry Day*, for defendant.

BOSWORTH, J.—To render an appeal effectual for any purpose, the appellant must execute an undertaking, (*Code*, § 334) to pay costs; and, to effect a stay, it must provide for paying the judgment, (§ 335). The undertaking is of no effect unless a copy of it and of the affidavits of the sureties be served, (§§ 340–341.) It must be filed with the clerk with whom the judgment is entered, (§ 343). The Code does not in terms say it must be filed before the undertaking can be of any effect. It is quite clear that until it is filed the respondent has no security that one exists which can be made available to him. It may be destroyed, and he be unable to prove that it ever existed. I think it a fair construction to hold, that to make a complete and perfect delivery of it to the use of the respondent, it should be filed. Prior to the Code, a plaintiff in error was required to file the bond at the time of serving the writ on the clerk, (2 *Rev. Stats.*, 597, § 32). In the Court of Chancery the appellant was required to file his bond and notice of appeal within the time allowed to appeal. (1 *Barb. Ch. Pr.*, 401 & 409).

Under the Code, no approval of the bond, not even an *ex parte* one, is required, unless exception is taken to the sureties. There is no hardship in requiring an appellant to file his undertaking with his notice of appeal. The defendant cannot be certain that there is an undertaking to which he can resort, until it is filed. I think his exception was taken in time. But an order may be entered, extending the time to justify, ten days.