Woodruff, J.
The action is brought upon a bond given in order to procure the discharge of a vessel which was attached-under, and in pursuance of title 8, of chapter 8, of part 3 of the. R. S. The complaint states all the facts requisite to show the exigency under which, by the provisions of the statute, a bond to procure such discharge was proper. It then avers an application by the owners for an order to discharge the vessel, and that “ thereupon, and in consideration thereof, and for the purpose of procuring said discharge, the defendants did, under seal, and in pursuance of the provisions of the statute above mentioned, make, execute, and deliver to the attaching creditor, the bond set forth in the complaint.
The bond is in due form, and the breach of the condition is sufficiently alleged. It has not been objected before me, on the argument of the demurrer, that in any of the above particulars, the complaint is defective.
It is claimed, however, that the complaint does not aver that the bond was approved by the officer to whom the application for the discharge was made, nor that it was delivered to, or accepted by him, nor that any discharge of the vessel was granted by the officer, or was procured upon, or by reason of the execution of the bond.
The statute requires (§ 13) that the bond, for the execution of which the statute provides, shall be delivered to the officer to whom the application was made, and that it shall be executed by the applicant for the discharge of the vessel, with such security as shall be approved by such officer. And by § 14, “ upon such *683 bond being executed and delivered,” it is made the unqualified duty of the officer to discharge the warrant. If the complaint had averred that the bond had been executed and delivered to the officer, in such wise that it became his duty to grant a discharge of the warrant, I should think that sufficient. It might, I think, for all the purposes, both of pleading and proof, be assumed that the officer did his duty, and if his subsequent refusal constituted any defence to the action, such refusal, and the continued detention of the vessel might be set up by the defendant as an answer to the action. And had the averment been, that the bond' was delivered to the officer, I think, also, that it would not be going too far to say, that as that word is used in the statute, it would import that he received it as a sufficient bond.
But in this complaint there is no averment that the bond was delivered to the officer; that he ever saw it; that he approved of the security; that the steps were taken by the owners upon which it became the duty of the officer to discharge the warrant; that such warrant has been discharged, or that the vessel has ever been released from custody, or that the defendants ever obtained the benefit contemplated by the execution of the bond.
If, therefore, this complaint cannot be sustained without showing that the statute has been complied with, the demurrer must be sustained.
But I think that the complaint may be, and must be, sustained upon another ground. There is no sufficient objection to the bond, as a voluntary undertaking under seal by the obligors to pay to the obligees “ the claims and demands exhibited, which should be established to have been subsisting liens upon the vessel.” Such payment is made the condition of the bond. The seals to the bond import consideration, and of course consideration enough to sustain the bond as a valid, binding security to the plaintiff. The statement in the complaint of the occasion of the execution of the bond does not affect the sufficiency of the consideration thus implied in the sealing and delivery, although that statement shows the motive and object for which it was executed and delivered. Prima facie, the bond is valid and binding. If, in truth, after it was received by the plaintiff, the purpose and object of the bond was defeated, and the vessel was still detained, that must (if it be any defence) be set up by the defendant.
*684 I think the demurrer to the complaint should be overruled, but with leave to the defendant to withdraw the demurrer, and answer the complaint within ten days, upon the usual terms. Ordered accordingly.