ROBERT COLEMAN, Respondent, v. AARON H. BEAN, Appellant.

An undertaking, that is binding upon the principal, is, also, binding upon the sureties, where there has been no fraud in procuring their signatures.

A recital, in the undertaking, that an attachment has been issued, and the undertaking is to procure a release of the property, is not contradicted by showing that the undertaking was given to avoid the issuing and levy of the attachment.

APPEAL from a judgment of the Court of Common Pleas of the city of New York, affirming a judgment in favor of the plaintiff, upon the decision of a single judge.

On the trial, in May, 1859, before Judge BRADY, without a jury, the plaintiff put in evidence an undertaking, in writing, bearing date the 21st of December, 1857, entitled in an action in the Supreme Court, wherein the plaintiff in this action was plaintiff, and the Galveston, Houston and Henderson Railroad Company was defendant, and executed by the defendants herein, under their hands and seals. The body of the undertaking was in these words: "An attachment having been issued, in the above entitled action, to the sheriff of the city and county of New York, and the above-named defendant having appeared in such action, and being about to apply to the officer who issued such attachment, or to the above-mentioned court, for an order to discharge the same, we (naming the defendants herein) do hereby, pursuant to the statute in such case made and provided, in consideration of one dollar, to each of us in hand paid, undertake, in the sum of $1,300, that we will, on demand, pay to the above-named plaintiff the amount of the judgment which may be recovered against the above-named defendant in this action, not exceeding the above-mentioned sum." It was admitted that, at the time of the execution of said undertaking, the action in which the same is entitled was pending, and that the defendant in said action had appeared therein by attorney, and that the plaintiff subsequently recovered judgment therein for $775.28, and demanded payment thereof, before this suit was brought upon said undertaking.

The plaintiff having rested his case, the defendant, Bean, offered to prove that the Galveston, Houston and Henderson Railroad Company fraudulently induced the defendants in this action to execute the undertaking, by representing that, in said action, a warrant of attachment had been issued to the sheriff of New York against the property of said company, as a foreign corporation, and that the sheriff had seized a large amount of property, and that, in order to release it and restore it to the possession of the company, it was necessary that the defendants should execute such undertaking; all which representations the defendants offered to prove were false. The defendants also offered to prove that the pecuniary consideration expressed in the undertaking was not paid, or agreed to be paid. The court, on objection, excluded the testimony offered, and 'the defendants excepted.

The judge found that the undertaking was made and executed by the defendants, under their hands and seals, and found, also, the other facts above stated, and decided that the plaintiff is entitled to recover of the defendants the amount of his said judgment, with interest; to which the defendants' counsel excepted.

Judgment was entered upon said decision, in favor of the plaintiff, and affirmed, on appeal to the General Term, and the defendant, Bean, has appealed to this court.

*Burrill, Davison & Burrill*, for the appellant.

*Albert Mathews*, for the respondent.

SMITH, J. The sole question in this case is, whether the court erred in rejecting the testimony offered by the defendants. One branch of the offer was to show, in contradiction of the recitals in the undertaking, that no application had been made for the discharge of an attachment in the action in which the undertaking was entitled, and that no attachment had been issued or granted. The counsel for the appellant argues that the defendants were not estopped from thus showing the falsity of the recitals, for the reason that, as the counsel assumes, the plaintiff did not rely upon the faith of the facts

recited, or upon the delivery of the undertaking, and was not thereby induced to do anything which he would not have done, or to refrain from doing anything which he would have done, but for the undertaking. But the assumption is not warranted by the facts of the case, as proved, or as offered to be proved. If, in truth, no attachment was issued, it may have been for the very fact that the plaintiff relied exclusively upon the delivery of the undertaking, and was induced by it to forbear taking out an attachment and seizing the property of the company. He had commenced an action, and, for aught that appears, the case was a proper one for issuing an attachment. It was not essential to the validity of the undertaking that the plaintiff should ocmpel its execution by actually suing out an attachment and making a levy. It was competent for the parties to the action to waive, if they chose, the issuing of an attachment and a seizure of property under it, and for the defendant to give, and the plaintiff to accept, in consideration of the waiver, such an undertaking as the defendant would have been required to give on an application to discharge an attachment actually issued and levied. By such arrangement, the plaintiff would have been debarred from suing out another attachment, and procuring other security from the defendant, in the same action, and the defendant would have been estopped from repudiating his undertaking. We are not to assume, without proof, that the undertaking was executed under circumstances which make it void, but the contrary presumption is to be indulged, if it is consistent with the testimony given, and the testimony offered. Although the statute, under which the proceeding was had, contemplates that the giving of such undertaking shall be preceded by the issuing of an attachment, and shall accompany an application to discharge it, and also directs that the undertaking shall be delivered to the court or officer, the non-compliance with those provisions is but an irregularity which the defendant may waive; and the fact of his putting in an undertaking, which recites that an attachment had been issued, and that he was about to apply for its discharge, is conclusive evidence of such waiver.

It is enough that the undertaking is binding between the principal parties under such circumstances to hold the sureties. Many cases may be supposed, in which it would be to the interest of a defendant to make such an arrangement, for the purpose of avoiding expense, annoyance or damage to his credit, by the publicity of a levy. It cannot, therefore, be assumed that the plaintiff did not rely upon the delivery of the undertaking, and was not induced by it to refrain from suing out an attachment and making a levy; and if he did thus rely upon it, the defendants were estopped from contradicting its recitals.

There is a plain distinction between the present case, and one where an undertaking is given to procure the discharge of an attachment, which is void for want of jurisdiction of the subject-matter. In the latter case, the whole proceeding being a nullity, the undertaking is of no effect whatever, and the sureties, when sued on it, may defend on that ground. Of that nature, are the authorities cited for the appellant (7 Barb., 254; 1 Denio, 184); but they are not applicable to the case at bar, in which there is no evidence of a defect of jurisdiction. The case, therefore, is not within the rule suggested by the counsel for the appellant, and the offer to show that the recitals were untrue was properly overruled.

The ruling was also correct, in respect to the offer to show that the defendants were induced to execute the undertaking, by the alleged false and fraudulent representations of the agent of the company, that the recitals referred to were true. It was not proposed to prove that the plaintiff made any false representations, or that he was cognizant of, or had any agency in, the alleged fraudulent conduct of the company. The defendants executed the undertaking, and placed it in the hands of the agent of the company, to be delivered by him to the court or officer for the benefit of the plaintiff, or (which is the same thing, so far as this point is concerned) to be delivered to the plaintiff himself. It having been delivered by the agent, as intended by the obligors, and the plaintiff having received it upon a valid legal consideration, and being ignorant of the alleged fraud, and in no way

responsible for it, such fraud cannot be set up to deprive him of the benefit of the undertaking. .

As, upon the hypothesis that no attachment had been issued, the waiver and forbearance, which may be properly assumed in such, case, formed a good consideration for the undertaking, the offer to show that there was, in fact, no pecuniary consideration for it, was immaterial.

The judgment should be affirmed.

Judgment affirmed.