JAMES K. HILL, Respondent, *v.* EDMUND BURKE, impleaded, etc., Appellant.

| 62 | 111 |
| 114 | 485 |

In an action upon an undertaking given for the purposes of an appeal to this court, the remittitur therefrom showing that an appeal was taken and that the judgment was duly affirmed, is conclusive evidence that the appeal was duly taken, and it is unnecessary to establish by other evidence that the preliminary steps required by the Code to perfect an appeal were taken.

Even if the provisions of the Code as to filing and serving notice of appeal and copy undertakings were not complied with, it is an irregularity merely, which is waived by a submission of the cause without objection.

It is no objection to an undertaking on appeal that the sureties justify to more than twice the amount specified therein.

Where the undertaking is in due form, as prescribed by the Code (§ 334) for the purpose of staying execution on the judgment appealed from as well as perfecting the appeal, the fact that the sureties fail to justify to double the amount of the judgment, and to double the $500 limited for costs and damages, does not invalidate the undertaking; and where the appellant has in fact received a full consideration for the undertaking by a stay of proceedings until the decision of the appeal, the sureties are liable for the amount of the judgment as well as the costs of appeal.

The recital in an undertaking stated the original judgment at $795.06, and its affirmance by the General Term, "with costs, making in all the sum of $994.61," and the agreement was in case of affirmance "that the appellant would pay the amount directed to be paid by the said judgment." In an action on the undertaking, *held*, that the recital was to the effect that the judgment appealed from was for $994.61, and even if it was an irregularity to enter up in a judgment of affirmance

by the General Term the amount of the judgment below, it was not available to defendants; but they were bound by the recital.

(Argued April 26, 1875; decided May 25, 1875.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was upon an undertaking executed by the defendants, of which the following is a copy :

"NEW YORK SUPREME COURT — COUNTY NEW YORK.

| | |
|---|---|
| BROWNLEE BENSEL, RESPONDENT,<br><br>*against*<br><br>ANTHONY J. OLIVER, APPELLANT. | *Undertaking on appeal from a judgment directing the payment of money.* |

Whereas, on the 8th day of October, 1869, in the Supreme Court, held in and for the county of New York, Brownlee Bensel, the above named respondent, recovered a judgment against Anthony J. Oliver, the above named appellant, for the sum of seven hundred and ninety-five dollars and six cents ($795.06) ; and whereas, the General Term of this court, after argument, affirmed said judgment on the 18th day of April, 1871, with costs, making in all the sum of nine hundred and ninety-four dollars and sixty-one cents ($994.61); and the above named appellant feeling aggrieved thereby, intends to appeal therefrom to the Court of Appeals :

Now, therefore, we, Edward Burke, of No. 19 State street, in the city of New York, and Terence P. Smith, of No. 406 East Fifty-first street, in said city, do hereby, pursuant to the statute in such case made and provided, undertake that the said appellant will pay all costs and damages which may be awarded against Anthony J. Oliver on said appeal, not exceeding $500; and do also undertake that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount

Statement of case.

as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages and costs which shall be awarded against said appellant on the said appeal.

Dated New York, *April* 21, 1871.

EDWARD BURKE.   [SEAL.]<br>TERENCE P. SMITH."   [SEAL.]

Each of the defendants justified in the sum of $2,000.

Upon the trial the plaintiff, after giving the undertaking in evidence, produced and gave in evidence the remittitur from the Court of Appeals in the action, which stated that an appeal was taken from the judgment described in the undertaking, and that said judgment was duly affirmed, with costs. The remittitur had been filed and made the judgment of the Supreme Court. Plaintiff also proved an assignment to him by said Bensel of the judgment and of the undertaking. The counsel for the defendant Burke moved to dismiss the complaint on the ground that no proof was given that a notice of appeal was filed with the clerk, or that notice of appeal or copy of undertaking was served on the plaintiff in the judgment mentioned in the undertaking, and that defendant Burke was not liable on the undertaking, because he did not justify to "double the amount specified" in the undertaking. The court overruled the motion, and said defendant's counsel excepted. Said counsel requested the court to charge that Burke was not liable to pay the judgment of Special Term, because the undertaking was not effectual to stay the issuing of execution thereon, and was only liable for the costs on affirmance by the Court of Appeals. The court refused so to charge, and said counsel duly excepted. The court directed a verdict for the amount of the judgment and interest and the costs of appeal, and verdict was rendered accordingly.

*Francis Byrne* for the appellant. The complaint should have been dismissed, because there was no proof that the notice of appeal and a copy undertaking were served on the opposite party. (*Webster* v. *Stevens*, 5 Duer, 682; *Thomp-*

*son* v. *Blanchard*, 2 N. Y., 561.) The undertaking was of no effect to stay the judgment, because no affidavit was made that the sureties were worth double the amount specified therein. (*Sternhaus* v. *Schmidt*, 5 Abb. Pr., 66 ; *Chemung Canal Bk.* v. *Judson*, 10 How. Pr., 133 ; *Hoppock* v. *Cottrel*, 13 id., 461 ; *Roberts* v. *Donnell*, 31 N. Y., 446 ; *Newton* v. *Harris*, 8 Barb., 306.) It is irregular to enter up, in a judgment of affirmance at General Term, the amount of the judgment rendered at a Special Term. (*Beardsley Scythe Co.* v. *Foster*, 34 How. Pr., 97.) The parties to an action, in which an appeal is taken, may waive strict compliance with rules as regards practice, but they cannot attach a liability to a third person without his consent and validate a void act. (*Langley* v. *Warner*, 1 N. Y., 606.)

*Samuel Hand* for the respondent. It was not necessary for plaintiff to show that the notice of appeal had been filed or a copy undertaking served. (*Sperling* v. *Troy*, 1 Daly, 96 ; *Hack* v. *Heath*, 4 E. D. S., 95.) Defendant was bound by the recitals in the undertaking. (*Levi* v. *Dorn*, 28 How. Pr., 217.) The undertaking, aside from the recitals, bound defendant to pay the original judgment as well as the General Term costs and the Court of Appeals costs. (*Beardsley Scythe Co.* v. *Foster*, 36 N. Y., 561 ; *Eno* v. *Croate*, 6 How. Pr., 462.)

MILLER, J. The undertaking upon which the plaintiff claims to recover in this action was intended to comply with the requirements of the Code in case of an appeal to the Court of Appeals, where the appellant desired a stay of proceedings upon the judgment from which the appeal is taken. (See Code, §§ 334, 335.)

It is insisted by the counsel for the defendant that the judge erred upon the trial in refusing to dismiss the complaint, upon the grounds that there was no proof of the service of the notice of appeal on the adverse party, and on the clerk, and of the filing of the same at the same time with the

clerk, and of the service of a copy of the undertaking, at the same time on the plaintiff, as required by the provisions of the Code. (See §§ 327, 340, 343; *Webster* v. *Stevens*, 5 Duer, 682; *Thompson* v. *Blanchard*, 2 N. Y., 561.)

The objections relate to the regularity of the appeal, and, I think, are not well founded. It appeared upon the trial by the remittitur of the Court of Appeals, which was introduced in evidence, and it is stated as a fact in the case, that the remittitur showed, among other things, that an appeal was taken from the judgment of the General Term of the Supreme Court (referred to in said undertaking) to the Court of Appeals, and that said judgment was duly affirmed by the Court of Appeals, with costs, and the proceedings duly remitted to the court below. This was, I think, conclusive evidence that an appeal had been duly taken by the filing of the notice with the undertaking, the service of the same, and of a copy of the undertaking as the Code requires, and it was not necessary to establish, by other and independent evidence, that these preliminary steps, which are required to perfect the appeal, had been taken. It may also be remarked, that the complaint alleged that the judgment appealed from was, by the Court of Appeals, duly affirmed with $132.21 costs; and upon the trial it was admitted by the defendant's counsel that the judgments referred to in the complaint were duly recovered as therein stated. But even if the provisions of the Code had not been complied with in the particulars named, it was, at most, an irregularity, and the submission of the cause to the Court of Appeals, by the respondent, without any objection to the jurisdiction, must be regarded as a waiver of the filing and service, and obviate the alleged defect. It is further insisted that the undertaking was of "no effect" to stay the judgment, because no affidavit was made that the sureties were worth double the amount specified therein, as required by the Code; and if the undertaking was effective for the purpose of an appeal merely, and not operative to stay execution upon the judgment, the appellant was only liable for the costs of the appeal to the General Term and

the Court of Appeals. That the court should have dismissed the complaint upon this ground, and also erred in refusing to charge the jury as requested in accordance with this view of the subject.

The Code (§ 341), provides that, "an undertaking upon an appeal shall be of no effect, unless it be accompanied by the affidavit of the sureties that they are each worth double the sum specified therein." The affidavit of each of the sureties was, that he was worth the sum $2,000, which was more than double the amount of the judgment from which the appeal was taken. It was not necessary that it should be precisely double the amount, and sufficient that it exceeded that sum. Nor was the respondent bound to object because the justification was for more than the law required. (*Ex parte Eastabrooks*, 5 Cow., 27.) It is not distinctly claimed, but assuming that the justification should be in double the amount of the judgment specified in the recital, and double all costs and damages, not exceeding $500, in accordance with the obligatory clause of the undertaking, I think, it would not affect the validity of the undertaking. In *Gibbons* v. *Berhard* (3 Bosw., 635), it was held that an undertaking is not necessarily a nullity, in the sense that it is not obligatory, simply because it was not accompanied with such an affidavit of justification of the sureties, as the Code prescribes. While, therefore, such an undertaking might not operate as a stay of proceedings, and the appeal might be dismissed for irregularity, upon motion of the respondent, it does not relieve the sureties from the liability they have taken upon themselves. It still remains an obligation for them to perform if the judgment is affirmed. The court might even allow the affidavit of the sureties to be filed at a future day, if the respondent moved to dismiss the appeal, because the justification was insufficient. (*Mills* v. *Thursby*, 11 How. Pr., 129; Code, § 327.) The object of the provision was, no doubt, to protect the respondent against insufficient sureties upon an appeal, as the section also provides for an exception by him to the sufficiency of the sureties, and their

subsequent justification; but it was not intended, I think, that the sureties should escape, because there was an informality in the justification, or it was not strictly in accordance with the Code.   So long as the undertaking was in due form, in accordance with a statute, and the appellant received a full consideration for the bond, by a stay of proceedings on the judgment until the appeal was decided, there is no sufficient reason why the sureties should be exonerated.

The recital in the undertaking, stating the original judgment, and its affirmance by the General Term, " with costs, making in all the sum of $994.61," is, I think, an allegation that the judgment appealed from was for that amount, and a statement of an adjudication to that effect.   Even if there was an irregularity in entering up, in a judgment of affirmance at General Term, the amount of the judgment at Special Term, it cannot be made available in this action. The defendant was bound by the recital in the undertaking, that the judgment was of a certain amount, and obligated himself to pay the same, if it was affirmed by the Court of Appeals.   He is, therefore, estopped from questioning the accuracy of the recital.   No other question is made which demands discussion, and there being no error, the judgment should be affirmed with costs.

All concur.

Judgment affirmed.