THE PEOPLE OF THE STATE OF NEW YORK ᴇх ʀᴇʟ. THOMAS KELLY, Respondent, *v.* WILLIAM F. AITKEN, ᴀ Member of the Common Council of the City of Brooklyn, Appellant.

*Criminal contempt — what is not.*

| | |
|---|---|
| 19 | 327 |
| 67 | 260 |
| 19h | 327 |
| 73 AD | 537 |
| 19h | 327 |
| 38 Mis²599 | |

On May 24, 1879, an order of the General Term was entered, affirming an order of the Special Term, directing a *mandamus* to issue to the common council of Brooklyn, requiring it to order a special election to fill a vacancy, caused by the acceptance by one of its members of the office of representative in Congress. On May 26 a writ was served on all the members requiring them, "at their next meeting, to order a special election." At a meeting held that night a communication was received from the person whose seat had been adjudged vacant, stating that he had been advised by eminent counsel that the decision of the General Term was erroneous, and urging the common council to appeal to the Court of Appeals, and promising to refrain from acting pending such appeal. The corporation counsel also urged that an appeal should be taken, and stated that it would operate as a stay of proceedings under the writ. The common council then decided to appeal, and the notice thereof was served before the adjournment of that body, and the requisite undertaking filed and served on the following morning. On the application of the relator, the court, at Special Term, adjudged the respondent, one of the members of the common council, guilty of a criminal contempt, in adjourning without ordering the special election, and fined him $150.

*Held,* that under the circumstances the members of the common council were not guilty of a criminal contempt in adjourning without ordering the special election, and that the order should be reversed.

Appeal from an order adjudging the appellant guilty of a criminal contempt, in willfully disobeying a peremptory writ of mandamus.

*William C. De Witt,* for the appellant.

*Wm. M. Ivins* and *Roger A. Pryor,* for the relator.

Pratt, J. :

This is an appeal from an order adjudging appellant guilty of a criminal contempt, and imposing on him a fine of $150, for willfully disobeying a peremptory writ of mandamus directed to

the common council of the city of Brooklyn, of which appellant was a member, commanding them, forthwith, to order a special election to fill the vacancy caused by the acceptance, by one of the members, of the office of representative in Congress. The contempt proceedings were instituted pursuant to subdivision 3 of section 8 of the Code of Civil Procedure, which gives a Court of Record power to punish, for a criminal contempt, a person guilty of willful disobedience to its lawful mandate. The order directing the mandamus to issue was affirmed by the General Term, and service of the writ on all the members was completed on the 26th day of May, 1879, whereby they were required, "at their next meeting, to order a special election," etc. A meeting of the common council was held on the same day, immediately after the service of the writ, at which a communication was received from the person, whose seat had been adjudged vacated by the decision of the General Term, stating, in substance, that he was advised by eminent counsel that the decision of the General Term was erroneous ; that he desired that the question be settled by an appeal to the Court of Appeals, which could be heard in about a month, and urging the common council to take such appeal in his behalf, and promising, during the pendency thereof, to refrain from acting as a member of their body. At the same time a communication was received from the counsel to the corporation, urging the propriety and advisability of an appeal to the Court of Appeals, and advising that such appeal would operate as a stay of proceedings, and exempt them, during its pendency, from the force of the writ. A motion was, thereupon, adopted by the common council, directing such appeal, and the meeting adjourned without ordering the special election required.

The notice of the appeal from the order of the General Term was served by the counsel to the corporation on the same day, before the adjournment of the meeting, and the undertaking thereon was filed and served on the following morning. Thereupon the counsel for the relator obtained, from the justice at Special Term, an *ex parte* order, directing that an attachment, for a contempt for disobedience of said writ, issue against the members of the common council, returnable four days thereafter. An affidavit, made by the members of the board, disclaiming

" any attempt to commit a contempt," etc, and setting forth the foregoing facts, was read on the return of the attachment, and the learned justice, at Special Term, thereupon made and entered the order referred to above, from which this appeal is taken.

Proceedings to punish, for a. contempt of court, are of two kinds, each having a distinct object in view — the one to protect the rights of private parties, and the other to maintain the dignity of the court, and to punish people guilty of willful disobedience to its mandates.

In the former case, therefore, the purpose being to preserve private rights, it is immaterial whether the contempt complained of was designedly or negligently committed, the power and duty of the court to redress the wrongs and enforce and preserve the rights of the injured party are the same.

If, for instance, a person transfer property, or do any other act, in disobedience of an injunction or other order, it can make no difference to the injured suitor whether it was done innocently or with evil intent. His loss is the same in either event, and proceedings to punish the offender, with a view of adjusting the rights of the parties, would look to indemnity only ; of course, if the disobedience was willful, the court could, at the same time that it enforced indemnity, inflict punishment for a criminal contempt.

On the other hand, if the only purpose of the proceeding is to punish the offender and maintain the dignity of the court, the disobedience must be designed and willful, and hence the law terms this a criminal contempt. If, for example, one, after careful examination, wrongly interpret, and, through this mistake, disobey an order, the majesty of the law is not offended, nor the dignity of the court impaired ; and, as he is innocent of willful offence, the infliction of punishment could have no justification.

The willful disobedience, expressed in the statute, means conduct intentionally and designedly at variance with the mandate of the court. The disobedience need not be malicious, but it must be in pursuance of an intent to disregard the mandate of the violated order. The question, therefore, arises, was the appellant guilty of this offence ? Did he willfully and designedly, within the meaning of the statute, disobey the writ of mandamus issued to the common council ? He, with the other members of the

common council, was commanded to do a certain act. The official legal adviser of this body recommended an appeal to the Court of Appeals, and advised that such appeal exempted them from the force of the writ during its pendency. The advice was correct; there can be no doubt that the appeal, when perfected, stayed the operation of the writ. (Code of Civil Procedure, § 1310; *Thompson* v. *Blanchard*, 2 N. Y., 561; *Howe* v. *Seariny*, 6 Bosw., 684.)

The appellant, in common with other members of the common council, acquiesced in the advice of the counsel to the corporation, and voted in favor of a motion directing that such appeal be taken, and relying upon the advice previously received, that the writ was inoperative until the decision of the appeal, adjourned without ordering the election. This constitutes the whole alleged offence. The appeal was taken with extraordinary expedition, the notice, as already stated, having been served before the meeting adjourned. If the corporation counsel had been equally swift in filing and serving the undertaking, there could be no ground for pretence that a contempt had been committed; but, because this was delayed a few hours after the meeting, the respondent's counsel insists that the appellant became guilty of a criminal contempt, and liable to fine and imprisonment therefor. We do not think that the liberties of the people depend upon so slight or technical a foundation. If the appellant is guilty of the contempt charged, he is liable also to indictment therefor as a misdemeanor. (2 R. S., 279, § 15, and page 692, § 14.)

What chance would there be for a conviction under such indictment, upon the facts in this case? The appeal from the order allowing the mandamus presented important, and to some extent, difficult questions for determination, and the common council were justified in seeking to have them settled by the Court of Appeals, particularly, as very little delay could result thereby, and no injury ensue. The learned justice, at the Special Term, erred in assuming that it was their duty to acquiesce in the previous decisions in the matter. The statute furnishes a means of review, and it is the privilege of public bodies, as well as private litigants, to avail themselves thereof, and it is often their duty to do so. But if, in the discharge of this duty, they are to be coerced

into compliance with the judgment sought to be reversed and subjected to punishment, notwithstanding that they have been zealous in their efforts to perfect the appeal, so as to avail themselves of the stay, which the law provides, then the remedy by appeal becomes a farce, and the provisions for a stay, during its pendency, a mockery. In what respect was the appellant guilty of misconduct? The law provided a method for the final decision of the question at issue, and that upon taking the steps necessary to secure such decision, the judgment below would be suspended. The body, with which he was acting, directed these steps to be taken. Was it incumbent upon them to escape the commission of a misdemeanor, and a criminal contempt of court, to remain in session until their official counsel had taken all these steps? The question implies its own answer. Having, in good faith, instructed the counsel to the corporation to take the appeal, the members of the common council were not liable to punishment for failing to execute the commands of the writ. They were entitled to a reasonable time, after having determined to appeal, to prepare and serve the papers necessary to render it effectual. To hold otherwise, would be practically to deprive public bodies of the right to appeal, in cases of this kind, and in effect to nullify the provisions of the statute permitting it. We are, therefore, of the opinion that the appellant did not willfully disobey the writ in question, within the meaning of the statute, and was not guilty of a criminal contempt.

It is unnecessary, therefore, to examine the other questions presented, which were urged by the counsel on both sides with great ability and force. The order appealed from should be reversed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Orders adjudging appellant guilty of a contempt reversed, with ten dollars costs of appeal and disbursements.