## FOX *v.* TURNER.

*(Supreme Court, General Term, Third Department. July 2, 1888.)*

1. SET-OFF AND COUNTER-CLAIM—PLEADING—PROOF UNDER GENERAL DENIAL.
   Defendant's answer denied "each and every allegation contained in plaintiff's complaint, and also set up a counter-claim against the plaintiff for the sum of fifty-one dollars." *Held* that, as defendant omitted to state the nature of his counter-claim, it was unavailing, and his answer amounted only to a denial of plaintiff's complaint, under which he could prove only facts which tended to controvert whatever plaintiff was compelled to prove to establish his cause of action.

2. PLEADING—APPEAL FROM JUSTICE—AMENDMENT—DISCRETION OF COUNTY COURT.
   The action having been commenced and the pleadings filed in a justice's court, it is not an abuse of judicial discretion to refuse an amendment offered by defendant on a trial in the county court.

3. SAME—PLEADING AND PROOF—GENERAL DENIAL.
   In an action for work performed, it is not error, under a general denial, to reject evidence offered by defendant to show that plaintiff was hired and had been paid by defendant's contractor.

Appeal from Franklin county court.

Action for work and labor by Antonie Fox against Benton Turner. Verdict and judgment for plaintiff below, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*S. A. Beman,* for appellant. *John P. Kellas,* for respondent.

INGALLS, J. This action was commenced in the justice's court, wherein the plaintiff complained as follows: "The plaintiff complains against the defendant, and alleges that the defendant is indebted to him for work, labor, and services done and performed for and at the request of the defendant, for which

he agreed to pay; and demands judgment against the defendant for the sum of twenty-five dollars, besides costs." To which the defendant interposed an answer as follows: "The defendant, for answer, denies each and every allegation contained in plaintiff's complaint; and also sets up a counter-claim against the plaintiff for the sum of fifty-one dollars." As the defendant omitted to state the nature of his claim, the counter-claim, as stated in his answer, became unavailing, and consequently his answer amounted only to a denial of the plaintiff's complaint, under which the defendant could be allowed to prove only facts which tended to controvert whatever the plaintiff was compelled to prove to establish his cause of action. *Griffin* v. *Railroad Co.*, 101 N. Y. 354, 4 N. E. Rep. 740; *McKyring* v. *Bull*, 16 N Y. 297. The defendant, under his answer, could not establish payment, set-off, or any other affirmative defense. The plaintiff supported his cause of action by his own evidence, and that of two other witnesses. The evidence indicates that the plaintiff's claim was meritorious, and that the defendant has had the benefit of the plaintiff's labor. The defendant testified that he had never hired the plaintiff to work for him, or made any arrangements with the plaintiff by which he was to labor for the defendant. Upon his cross-examination, he testified as follows: "I had no conversation with Mr. Fox up there at Bloomingdale in the fall of 1880. I saw Mr. McCarthy and him there. I should presume likely we had some conversation of some kind. I might have and I might not have had some conversation with them; I am not able to say. I don't remember that I previously had any conversation with Mr. Fox. I don't think I ever had previous to the time I saw him and Mr. McCarthy there. I couldn't swear that I did not. I was lumbering up there that winter, near Rainbow House. My logs were drawn to the bank of a river. I lumbered there pretty much all winter. I don't know as I directed Mr Fox with reference to any work that he did there. I don't think I did. I wouldn't swear whether I did or not. I do not remember helping Mr. Fox to break a road through near what is called 'Nigger Brook.' I cannot swear that I did not, but I don't remember it. I remember having some talk with Mr. Fox the day he left there to go home. I do not remember paying him ten dollars in money. I will swear that I did not." The defendant attempted to show, by his own testimony and that of a witness by the name of Spaulding, that the services of the plaintiff, for which he claimed compensation, were rendered for Spaulding, who the defendant claimed was his contractor. The evidence of the defendant, and that of Spaulding, is that Spaulding was employed as such contractor in the winter of 1879 and 1880. It does not seem to be questioned but that the plaintiff's services were rendered in the winter of 1880 and 1881. The defendant states: "Mr. Spaulding was employed by me in the winter of 1879 and 1880 as a contractor to put in logs." Spaulding testified: "I was at Rainbow in the winter of 1879 and 1880. My business that year was logging." He further testified: "This man [plaintiff] worked along where I was working during the winter of 1879 and 1880, and that is the only labor he performed in connection with me." The plaintiff testified that the defendant paid him $10 when the defendant's wife was present, which was all that had been paid. The defendant denied making such payment. The defendant attempted to give evidence upon the trial to the effect that the plaintiff rendered the service for Spaulding, and that Spaulding paid for the same. The court excluded the evidence. as we may assume, upon the ground that no such defenses were set up in the answer, and that such evidence was not admissible under the general denial. In this we think the court committed no error which, in the light of all the facts developed in the case, could have materially prejudiced the defendant's case.

The defendant's struggle at the trial seems to have been to bring to the notice of the jury certain facts for which he had laid no foundation in his pleading, under an ingenious pretense that he had the right so to do by way of an-

swer to what the plaintiff was bound to establish in order to sustain his cause of action. In this we are persuaded that he was in error, as the obvious effect would be to surprise the plaintiff upon the trial, to guard against which our system of pleading is armed. The pleadings in the cause were interposed in the justice's court, and it seems quite proper that they should have been adhered to in the county court, under the circumstances of the case. We therefore conclude that the court committed no error in refusing to allow an amendment at the time the application was made. It was matter of discretion with the court whether to grant or refuse the application, and we fail to discover an abuse of judicial discretion, in that regard, which calls for a reversal of the judgment. We have carefully examined this case, and have reached the conclusion that no legal errors have intervened which constrain us to reverse the judgment, which seems to be in accordance with the merits of this controversy. The same must therefore be affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concur.