(6 Misc. Rep. 304.)

### BENNETT v. MULRY et al.

(Superior Court of New York City, General Term. December 29, 1893.)

1. ATTACHMENT—ACTION ON BOND—PLEADING AND PROOF.
    In an action on an attachment bond, an averment in the complaint that the attachment was discharged was immaterial, and need not be proved, as failure to discharge the attachment is a defense which must be alleged and proven by defendants.

2. SAME—APPROVAL OF BOND.
    Failure to approve the bond, as required by Code Civil Proc. § 812, or to waive exceptions, cannot be taken advantage of by the sureties, as the irregularity could only prejudice plaintiff.

3. SAME—PROOF OF DAMAGE.
    Nor can the sureties object that plaintiff did not prove any damages by reason of the filing of the bond, since it would be presumed that the bond accomplished the purpose for which it was given.

Action by James Gordon Bennett against Lawrence V. Mulry and Henry W. Pflanz, as sureties on a bond given in an attachment suit by plaintiff against James Gordon Bennett. A verdict was ordered for plaintiff, subject to the opinion of the court at general term. Judgment for plaintiff.

Argued before McADAM and GILDERSLEEVE, JJ.

John Townshend, for plaintiff.
Coxe & Stratton, (R. P. Stratton, of counsel,) for defendants.

GILDERSLEEVE, J. An action having been commenced, in this court, in August, 1890, by the plaintiff herein against Clark Balcom, an attachment issued against the property of said Balcom. In September, 1890, the defendants herein executed an undertak-

ing whereby they jointly and severally undertook that the said Balcom would, on demand, pay plaintiff the amount of any judgment which might be recovered in said action against him, not exceeding $350 and interest. This action is to recover upon that undertaking. In addition to the foregoing facts, the complaint herein alleges that said Balcom applied to discharge said attachment; that the attachment was discharged; that on March 22, 1892, plaintiff recovered judgment for $400.08 against said Balcom in said action; that payment of said judgment was duly demanded of said Balcom; that he failed to pay; and that said judgment remains unpaid. The defendants, by their answer, admit the commencement of the action against Balcom, and the granting of the warrant of attachment against the property of said Balcom, and specifically deny any knowledge or information sufficient to form a belief as to each of the remaining allegations of the complaint. The answer sets up no affirmative defense. The plaintiff proved the undertaking, the recovery of judgment against Balcom, the demand of payment of said judgment, and its nonpayment. Defendants offered no testimony, but moved to dismiss the complaint, upon the grounds (1) that it was alleged in the complaint that the attachment was discharged, but that it was not proved; (2) it was not proved that the undertaking was approved, as required by section 812 of the Code, or that exceptions to it were waived; (3) plaintiff had not proved any damage by reason of the filing of the undertaking. The presiding judge ordered judgment for plaintiff, subject to the opinion of the general term.

The allegation that the attachment was discharged was not essential to a recovery by plaintiff, and was not put in issue by a denial. In Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740, the court say:

"A general or specific denial controverts only material allegations, or such facts as the plaintiff would be compelled to prove in order to establish his cause of action."

See Fox v. Turner, (Sup.) 2 N. Y. Supp. 164. The Code (section 500) calls for a denial only "of each material allegation of the complaint." Immaterial averments are not put at issue by a general or specific denial. Linton v. Fireworks Co., 124 N. Y. 536, 27 N. E. 406. The allegations in the complaint that the attachment was discharged must be regarded as an effort to anticipate and deny a possible defense, and as mere surplusage. Having executed the undertaking, if the defendants seek to escape liability thereunder, by reason of a failure to discharge the attachment, the burden is cast upon them to prove it, which they cannot do without alleging it in their answer. See Linton v. Fireworks Co., supra; Clark v. Thorp, 2 Bosw. 680. The law will not assume that the undertaking was wrongfully obtained; and, upon proof of the undertaking, the burden is cast upon the defendants to prove—"and hence of alleging in their answer"—facts which avoid the undertaking.

The second ground of dismissal urged by the learned counsel for defendants is also without merit. Sureties on an undertaking, when sued, cannot defend upon the ground of any irregularity in the proceedings. Jewett v. Crane, 35 Barb. 208; Higgins v. Healy,

47 N. Y. Super. Ct. 207; Gibbons v. Berhard, 3 Bosw. 635; Hill v. Burke, 62 N. Y. 116. In the case of Ring v. Gibbs, 26 Wend. 506, the court said:

"It does not lie with the defendants to object that the sureties were not approved of by the commissioner. The waiver of approval was injurious to the plaintiffs, if to anybody. That benefit they have a right to waive."

In answer to the third objection urged to a recovery by the plaintiff, it may be said that the presumption is that the undertaking was given under circumstances which made it valid, and that it accomplished the purpose and object for which it was given. Coleman v. Bean, 32 How. Pr. 370. If, after the undertaking was received by the plaintiff, its object was defeated, such fact, if it be any defense, cannot be made available here by the defendants, unless set up in the answer. There is nothing in the case to show that the bond is not a valid and binding obligation on the defendants, and we cannot assume, without proof, that there were omissions or commissions that will relieve the defendants from liability thereunder. Coleman v. Bean, supra. Plaintiff established his case, and a right to recover, when he proved the undertaking, the recovery of judgment against Balcom, the demand of payment of said judgment, and its nonpayment. Judgment must be ordered upon the verdict in favor of plaintiff, with costs.