Gildersleeve, J.
An action having been commenced, in this court, in August, 1890, by the plaintiff herein against Clark Balcom, an attachment issued against the property of said Balcom. • In September, 1890, the defendants herein executed an undertaking whereby they jointly and severally undertook that the said Balcom would, on demand, pay plaintiff the amount of any judgment which might be recovered in said action against him, not exceeding $350 and interests. This action is to recover upon that undertaking. In addition to the foregoing facts, the complaint herein alleges that said Balcom applied to discharge such attachment ; that the attachment was discharged; that on March 22d, 1892, plaintiff recovered judgment for $400.08 against said Balcom in said action ; that payment of said judgment was duly demanded of said Balcom; that he failed to pay; and that said judgment remains unpaid. The defendants, by their answer, admit the commencement of the action against Balcom, and the granting of the warrant of attachment against the property of said Balcom, and specially deny any knowledge or information sufficient to form a belief as to each of the remaining allegations of the complaint. The answer sets up no affirmative defense. The plaintiff proved the undertaking, the recovery of judgment against Balcom, the demand of payment of said judgment, and its nonpayment. Defendants offered no testimony, but moved to dismiss the complaint, upon the grounds (1) that it was alleged in the complaint that the attachment was discharged, but that it was not proved; (2) it was not proved that the undertaking was approved, as required by § 812 of the Code, or that exceptions to it were waived; (8) plaintiff had not proved any damage by reason of the filing of the undertaking. The presiding judge ordered judgment for plaintiff, subject to the opinion of the general term.
The allegation that the attachment was discharged was not *148 essential to a recovery by plaintiff, and was not put in issue by a denial. In Griffin v. Long Island Railroad Co., 101 N. Y., 348 ; 1 St. Rep. 56; the court say:
“A general or specific denial controverts only material allegations, or such facts as the plaintiff would be compelled to prove in order to establish his cause of action.”
See Fox v. Turner, 2 N. Y. Supp. 164; 17 St. Rep. 666. The Code (§ 500) calls for a denial only “ of each material allegation in the complaint.” Immaterial averments are not put at issue by a general or specific denial. Linton v. Unexcelled Fireworks Co., 124 N. Y. 536; 36 St Rep. 694. The allegations in the complaint that the attachment was discharged must be regarded as an effort to anticipate and deny a possible defense, and as mere surplusage. Having executed the undertaking, if the defendants seek to escape liability thereunder, by reason of a failure to discharge the attachment, the burden is cast upon them to prove it, which they cannot do without alleging it in their answer. See Linton v. Fireworks Co., supra; Clark v. Thorp, 2 Bosw. 680. The law will not assume that the undertaking was wrongfully obtained ; and, upon proof of the undertaking, the burden is cast upon the defendant to prove—“ and hence of alleging in their answer ”—facts which avoid the undertaking.
The second ground of dismissal urged by the learned counsel for defendants is also without merit. Sureties on an undertaking, when sued, cannot defend upon the ground of any irregularity in the proceedings. Jewett v. Crane, 35 Barb. 208; Higgins v. Healy, 47 N. Y. Supr. Ct. 207; Gibbons v. Berhard, 3 Bosw. 635; Hill v. Burke, 62 N. Y. 116. In the case of Ring v. Gibbs, 26 Wend, 506, the court said:
“ It does not lie with the defendants to object that the su2-eties were not approved by the commissioner. The waiver of approval was injurious to the plaintiffs, if to anybody. That benefit they have a right to waive.”
In answer to the third objection urged to a recovery by the plaintiff, it may be said that the presumption is that the undertaking was given under circumstances which make it valid, and that it accomplished the purpose and object for which it was given. Coleman v. Bean, 32 How. 370. If, after the undertaking was received by the plaintiff, its object was defeated, such fact, if it be any defense, cannot be made available here by the defendants, unless set up in the answer. There is nothing in the caseto show that the bond is not a valid and binding obligation on the defendants, and we cannot assume, without proof, that there were omissions or commissions that will relieve the defendants from liabilitv thereunder. Coleman v. Bean, supra. Plaintiff established his case, and a right to recover, when he proved the undertaking, the recovery of judgment against Balcom, the demand of payment of said judgment, and its nonpayment.
Judgment must be ordered upon the verdict in favor of plaintiff, with costs.