### JEWETT vs. CRANE and WHITMAN.

If a judgment has been irregularly obtained, sureties can be heard, if they apply seasonably, on motion to set aside the judgment and let them in to defend the original action.

Sureties may also be allowed, for their own protection, to defend an action brought against their principal.

Sureties in actions are not permitted, generally, at the trial of an action for the breach of their undertaking, to show that the practice or proceedings in the action wherein their undertaking was executed, were irregular. Irregularities in practice are corrected on motion.

C. & W., for the purpose of procuring the discharge of an attachment issued against the property of S. as a non-resident, executed an undertaking in the usual form. Subsequently, the plaintiff in the attachment suit, on an affidavit claiming that W. was a minor under the age of 21 years, when he executed the undertaking, obtained an order striking out the defendants' answer in that action, unless he should furnish another undertaking, with two sufficient sureties. Such undertaking not having been filed, the plaintiff took judgment against S. as for want of an answer. *Held* that the condition of C. and W.'s undertaking was broken, and they became liable to an action, when judgment was obtained and execution returned unsatisfied, in the attachment suit. That the proper remedy of C. and W. was, to have applied to the court for leave to defend that suit, for their own protection, and that the facts constituted no defense to an action against them upon the undertaking.

A motion to compel a defendant to furnish further sureties, in an attachment suit, on the ground that he has imposed an infant surety upon the court, is not an exception to the sufficiency of the sureties.

ACTION upon an undertaking executed by the defendants. The plaintiff in this action, in December, 1854, commenced an action in this court against one Augustin N. Sprague, and in that action procured, on the 13th of December aforesaid, an attachment to be issued against the property of Sprague, on the ground that Sprague was a non-resident. To procure the discharge of that attachment, the defendants in this action executed an undertaking in the usual form, and subsequently, on the 9th of February, 1855, Sprague put in his answer to the complaint in that action. The plaintiff, on the 29th of September, 1855, on an affidavit claiming that the defendant Whitman was a minor under the age of 21 years, when he executed said undertaking, obtained an order

Jewett v. Crane.

striking out the defendants' answer in that action, unless said defendant should within ten days furnish another undertaking with two sufficient sureties who should each justify. Such undertaking not having been filed, the plaintiff thereupon was allowed to take judgment in that action against Sprague, as for want of an answer, and he now sought, in this action, to recover against the defendants on the undertaking so executed by them, the amount of that judgment.

The action was tried before a referee. When the plaintiff rested, the defendants moved that the complaint be dismissed for want of testimony to maintain the action, and for the further reason, that the plaintiff, by his motion and order, having rejected the sureties, and stricken out the defendants' answer, and the defendants having been deprived of their defense, the sureties became discharged. Motion denied, and exception. Thereupon the referee rendered a judgment in favor of the plaintiff. The defendants appealed to the general term.

*J. C. Dimmick*, for the appellants.

*Ruggles & Baldwin*, for the respondent.

*By the Court*, Leonard, J. The defendants cannot object to the practice or proceedings in the action of Solomon W. Jewett against Augustine N. Sprague.

If the judgment has been irregularly obtained, sureties can be heard, if they apply seasonably, on motion to set it aside and let them in to defend the original action.

So, also, sureties may be let in to defend on the merits, in the place of the defendant for whom they were bound, even after a regular judgment, if it were necessary for their protection, on suitable application, and excusing laches.

The sheriff has been allowed to defend an action brought against a prisoner who had escaped from his custody. Bail

Jewett v. Crane.

for the appearance of a defendant have also been allowed to defend the original action for their own protection.

Such application would have been the proper remedy for these defendants to have adopted. The condition of their undertaking is broken, and they became liable to an action, when judgment was obtained and execution returned unsatisfied in the action against Sprague.

The answer alleges that the plaintiff, in the action against Sprague, objected to the sufficiency of the defendants as sureties, and that they were rejected, and the undertaking canceled, and that they were discharged. There is no evidence to sustain such an allegation or defense.

A motion to compel the defendant Sprague to furnish further sureties on the ground that he had imposed an infant surety upon the court, was not an exception to the sufficiency of the sureties. Had he furnished further security, the former ones would then have been discharged.

The case of *Pell* v. *Grigg*, (4 *Cowen*, 426,) relied on by the defendants' counsel, is not applicable here. That was a case of variance between the *capias ad respondendum* and the special bail piece.

That case also was decided on motion. The regularity of the practice and proceedings in another action cannot generally be litigated at nisi prius.

Judgment is affirmed with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard*, Justices.]