GUSTAV CALLMEYER et al., Appellants, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The department of docks of the city of New York advertised for proposals for furnishing certain iron materials; the notice specified the period of the contract (six months), and stated that the materials must be delivered as called for by the requisitions of the treasurer, and that any bidder "must be engaged in and well prepared for the business." The contract was entered into with plaintiff; in it the quantities of material were stated as "more or less," and it was agreed that the deliveries should be "in such quantities * * * as shall be directed by the treasurer," also that the materials should be furnished "according to the specifications and the requirements of the treasurer under them;" and payments were to be made upon the engineer's certificate that "the quantities have been delivered as per requisition and in accordance with specifications." In the specifications each statement of quantity was followed by the words "more or less." *Held*, that the agreement was not for any definite or fixed quantity of material; but that plaintiff was to deliver and the city only bound to accept what was needed by the department and called for by its official requisitions; and that, therefore, an action to recover damages because of failure to take the quantities stated in the specifications was not maintainable.

*Belknap* v. *Sealey* (14 N. Y. 144), distinguished.

(Argued November 15, 1880; decided December 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made November 6, 1879, which overruled plaintiffs' exceptions and directed judgment on an order dismissing plaintiffs' complaint on the pleadings, and the openings of counsel on trial,

save as to an item of $309.66 and interest, for which judgment was rendered.

This action was brought to recover damages for an alleged breach of a contract on the part of defendants.

The department of docks published a notice to contractors containing the following:

## "CONTRACTORS' COPY.

### Department of Docks, 346 and 348 Broadway.

*To Contractors:*

"Proposals for furnishing screw-bolts and other iron material.

"Sealed proposals for furnishing this material, indorsed as above, will be received at the office of the department of docks until 12 o'clock noon of January 20, 1874, at which time the bids will be publicly opened and read. The award of the contract will be made as soon as practicable after the opening of the bids.

"The period of this contract is for six months from the date hereof, and the material must be delivered as called for by the requisitions of the treasurer.

"Any bidder for this contract must be known to be engaged in and well prepared for the business, and must have satisfactory testimonials to that effect, and also shall give security for the faithful performance of his contract in the manner prescribed and required by ordinance."

"Bidders will state the price in the following proposals for each separate item of the material to be furnished by which the bids will be tested."

The accompanying proposals stated quantities of the items of materials, but to each statement was added the words "more or less." The contract was let to plaintiffs. In the specifications contained in it the words "more or less" followed each statement of quantity. The contract contained these clauses:

"And it is further mutually agreed by and between the parties to this contract, that the quantities to be paid for shall be measured or weighed by the engineer and his assistants in accordance with the specifications.

"And it is further agreed that the delivery of the material shall be commenced at such time, carried on in such quantities and delivered at such points as shall be directed by the treasurer."

"And it is further agreed by said parties to this agreement, that payment shall be made on the certificate of the engineer that the quantities have been delivered as per requisition and in accordance with specifications.

"And that the said parties of the second part further agree that they shall not be entitled to demand or receive payment for any portion of the aforesaid materials, except in the manner set forth in this agreement, nor until each and every of the stipulations hereinbefore mentioned are complied with, and the engineer shall have given his certificate to that effect."

The parties of the second part agreed to receive the prices specified " in full compensation for furnishing all the said materials according to the specifications and the requirements of the treasurer under them."

The complaint alleged that plaintiffs were prepared to supply all of the quantities stated in the specifications, furnished all that was called for by the department, and were ready to supply the residue. For the materials furnished, plaintiffs conceded that they had received payment at the contract price, save a small balance of $309.66. The breach complained of was the failure of the department to take the quantities of material specified in the contract. Upon the opening, defendant's counsel asked for a dismissal of the complaint save as to the balance unpaid for materials furnished, for which, with interest, it was conceded plaintiffs were entitled to judgment. This motion was granted, to which plaintiffs' counsel duly excepted.

*Thorndike Saunders* for appellant. There was a breach of the contract by defendant in failing to make direction for quantities, etc., to enable plaintiffs to deliver all specified in the contract before August 4, 1874. (*Robinson* v. *Mayor, etc.*, 3 W. D. 101.) The phrase " more or less," as used, implies only a

slight difference in quantities. (*Belknap* v. *Seeley*, 14 N. Y. 144 – 151.) The language of the agreement and the action of the parties prove their intention, and should control. (*Harrington* v. *The Mayor*, 10 Hun, 248, affirmed 70 N. Y. 604.)

*A. J. Requier* for respondent. Plaintiffs had no legal ground of complaint because the *quasi* estimate had not been literally followed, and consequently no cause of action. (*Harrington* v. *Mayor, etc.*, 10 Hun, 251.)

FINCH, J. This controversy was correctly decided by the courts below. There is no mistaking the true nature of the contract between the plaintiffs and the city of New York. It was not an agreement for the delivery of a definite and fixed quantity of material, which the city was bound to receive within the stipulated time, but merely a contract, entirely flexible as to quantity, to deliver such and so much as the city through its appointed agent during the six months should require. That in the specifications the probable amount thought likely to be needed was stated, guarded with the qualification of "more or less," does not change the construction. If the precise purpose might have been more fully and unequivocally expressed, yet the character and scope of the contract, its very terms and conditions, indicate plainly its meaning. The published proposals issued to contractors by the department of docks, which were entitled "Proposals for furnishing screw-bolts and other iron material," contained a distinct provision that the "period of the contract was for six months, and the material must be delivered as called for by the requisitions of the treasurer." The proposals further contained the provision that "any bidder for this contract must be known to be engaged in and well prepared for the business, and must have satisfactory testimonials to that effect." The object was to deal only with somebody capable, by his situation and surroundings, of delivering the class of material needed, in uncertain quantities and at varying times, and to deprive of any force or justice exactly such a claim as is made in this complaint; that

the plaintiff prepared himself specially for this contract-work by buying iron necessary for its completion and retaining for that purpose men, machinery and power, so that grave injury resulted because the whole estimated quantity was not taken. Then in the contract itself the quantities are stated as "more or less," and it is "agreed that the delivery of the material shall be commenced at such time, carried on in such quantities and delivered at such points as shall be directed by the treasurer." It is further stipulated that the material shall be furnished "according to the specifications and the requirements of the treasurer under them," and that "payment shall be made on the certificate of the engineer that the quantities have been delivered as per requisition and in accordance with specifications." Taking into view all these provisions, and the manifest aim and scope of the contract, it is clear that the plaintiff was to deliver and the city accept only what was needed by the department of docks, and called for by its official requisitions. Thus understood, the case is like *Harrington* v. *The Mayor, etc.* (10 Hun, 251, affirmed 70 N. Y. 604), and is decided by it. There are some differences between the contract in that case and the one under discussion, to which our attention is called. In the former the language of the specifications was, "quantities estimated as follows." The absence of the word "estimated" from the contract before us is not at all a material difference. The use of that distinct word could hardly have made the interpretation more certain. We are referred to the construction put upon the phrase "more or less," in relation to quantities of land described in a deed. (*Belknap* v. *Sealey*, 14 N. Y. 144.) In those cases the phrase was restrained and limited, it is true, but only to correspond with the manifest intention of the parties. That intention here is also to be the guide to our interpretation, and leads plainly to the result that the phrase was used to indicate an estimate merely, and that the plaintiff contracted to furnish and the city was to receive such quantity of the prescribed material as the department of docks should need and by official requisition demand during the specified continuance of the

contract. For the quantity thus delivered the plaintiff has been fully paid, except as to a small sum which he was allowed to recover in the court below.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.