JAMES M. HORTON, Respondent, *v*. MORITZ BAUER et al., Appellants.

A covenant of warranty and of quiet enjoyment or against incumbrances in a deed is not broken by a mere trespass, not amounting to an eviction, committed without claim of right on the part of the trespasser.

An accidental trespass, conceded to have been without title or claim of right, upon lands contracted to be conveyed, furnishes no justification for a refusal on the part of the vendee to complete the contract.

Plaintiff contracted to sell and convey to defendant B. certain premises, he to take a mortgage thereon to secure part of the purchase-money. B. assigned the contract to defendant C. to whom plaintiff conveyed the premises, and C. subsequently conveyed them to B. At the time of the conveyance a street railroad encroached upon the premises. This trespass was unintentional and grew out of uncertainty as to the lines of an unopened street. B. required and plaintiff executed to him in connection with the deed a covenant to have the railroad company within thirty days execute as lessee a lease of the land occupied by its tracks or to have them removed; also to indemnify B. "from all loss or damage which may arise from the encroachment of the tracks, * * * including loss of profits in any future transaction in respect to said lands." Negotiations were immediately opened with the company for a lease which were delayed beyond the thirty days, the limitation of time, however, having been waived by B. The tracks were subsequently removed, but before this B. contracted to sell said lands at an advance of $36,000. In an action to foreclose the mortgage, defendant set up as a counter-claim the covenant and the contract of sale, alleging that his vendee upon tender of a deed, with covenants of warranty, of quiet enjoyment and against incumbrances, refused to perform because of the encroachment. B. claimed to recover the $36,000 as damages for breach of the covenant.

*Held*, that the burden was upon B. of showing that the loss of profits was caused by the encroachment; that as this was simply a trespass not amounting to an eviction, and under no claim of right, the covenants in B.'s deed were not broken thereby, and it did not excuse his vendee from performance of his contract, and so he failed to show a loss occasioned thereby; also that B. could have removed or ended the encroachment.

B. offered to assign his contract to plaintiff to enable the latter to enforce it. *Held*, that the offer was properly rejected; that the duty of enforcing the contract or of showing that the enforcement was impossible rested upon B. and he could not impose it upon plaintiff; also that B. was bound fairly to prevent or lessen his loss before calling upon plaintiff for indemnity.

B. testified on the trial that his vendee was his intimate friend; that he never told him of the encroachment or the existing situation in reference to its removal; that the vendee on discovering it refused to perform on this sole ground. *Held*, that this testimony and the circumstances attending the transaction justified a finding that the contract of sale was a fictitious one, not made in good faith, but solely for the purpose of furnishing a basis for damages against plaintiff, and also a finding that B. had sustained, not real or actual, but only nominal damages.

(Argued October 22, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 13, 1891, which affirmed a judgment in favor of plaintiff, entered upon an order of the Special Term confirming the report of a referee.

This was an action for the foreclosure of a mortgage upon certain real estate in the city of New York. Defendant Bauer interposed as a counter-claim an alleged breach of a covenant on the part of plaintiff.

On August 3, 1887, plaintiff was seized of the mortgaged premises. A street railroad had laid its tracks upon a portion thereof accidentally and without any claim of title, such encroachment having grown out of uncertainty as to the lines of an unopened street. Plaintiff on that day entered into a contract in writing with the defendant Bauer to convey to him said premises. Bauer assigned said contract to defendant Childs, and plaintiff on July 6, 1887, conveyed to Childs by a full covenant warranty deed and took back from him the mortgage in suit. Childs subsequently conveyed the

premises to Bauer who did not assume the mortgage. A survey of the land by Bauer's counsel showed the encroachment by the railroad company, and on the day for closing the transaction a letter was delivered to Bauer from the railroad company, substantially acknowledging the encroachment, explaining its accidental and unintentional character and agreeing to remove the tracks on thirty days' notice, and also a letter in reply from plaintiff in which he accepted the railroad company as a tenant liable to removal on thirty days' notice. Bauer was not satisfied with this and at his request plaintiff executed an instrument in writing containing certain covenants which are set forth in the opinion, in which also are stated other material facts.

*Edward Winslow Paige* for appellants. There is no evidence of fraud. (*Morse* v. *Talcott*, 96 N. Y. 100 ; *Stillman* v. *Northrup*, 109 id. 473.) Assuming that Bauer made the Borger contract, it appears by certain and conclusive evidence that he has lost a "profit" of at least $6,800. (*Mason* v. *Lord*, 40 N. Y. 476 ; *Woodgate* v. *Fleet*, 44 id. 1.) The ground upon which the trial judge put his decision is not tenable. (*White* v. *Miller*, 71 N. Y. 118; *Pessinger* v. *Thorburn*, 34 id. 634 ; Sedg. on Dam. § 191.) The question of the extension of time to remove the tracks is not involved in this appeal. (*Flora* v. *Carbeau*, 38 N. Y. 111; *Jordan* v. *N. S. & L. Bank*, 74 id. 467.)

*John M. Scribner* for respondent. The appellant has failed in his proof of damages or loss of profits other than nominal damages. (*Lentz* v. *Choteau*, 42 Penn. St. 435 ; *Dodds* v. *Hakes*, 114 N. Y. 265 ; *Wilson* v. *Holden*, 16 Abb. Pr. 136 ; *Pumpelly* v. *Phelps*, 40 N. Y. 66 ; *Margraf* v. *Muir*, 57 id. 160 ; *Leeds* v. *M. G. L. Co.*, 90 id. 29 ; *O. C. R. R. Co.* v. *Evans*, 6 Gray, 35 ; *Gilbert* v. *Wiman*, 1 N. Y. 550 ; *Belloni* v. *Freeborn*, 63 id. 390 ; *Selover* v. *Harpending*, 18 Abb. [N. C.] 254 ; *Kohler* v. *Matlage*, 72 N. Y. 267.) The responsibility for the continuance of the tracks on the land for more than thirty days rests upon the appellant Bauer. (*Wohlfart*

v. *Beckert*, 92 N. Y. 490 ; *Kearney* v. *Mayor*, etc., Id. 621 ; *Keller* v. *W., B. & C. M. Co.*, 39 Hun, 355 ; *N. Y. & B. F. Co.* v. *Moore*, 18 Abb. [N. C.] 121 ; 102 N. Y. 667 ; *Sheridan* v. *Mayor, etc.*, 8 Hun, 424 ; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 553.) The responsibility for the delay in removing the tracks being fastened upon the appellant Bauer, he cannot now complain of the delay which he himself occasioned. (*Morse* v. *Merest*, 6 Mod. 26 ; *Gee* v. *Pearse*, 2 DeG. & S. 325 ; *Kenyon* v. *Knight*, 48 Hun, 285 ; *Granger* v. *Palmer*, 56 id. 487 ; *Ins. Co.* v. *Norton*, 96 U. S. 244 ; *Ins. Co.* v. *Eggleston*, Id. 577.) The time for plaintiff and respondent to remove the tracks was extended by appellant Bauer in consideration of extensions of time to pay interest to Horton on the mortgage in suit. (*Leslie* v. *K. L. Ins. Co.*, 63 N. Y. 33.) Conceding that the repudiated Borger contract might have been genuine, Bauer was bound to notify plaintiff or the railroad company to remove tracks so as to save or diminish the damage. (*Johnson* v. *Meeker*, 96 N. Y. 97 ; *Wright* v. *Bank of Metropolis*, 110 id. 245 ; *Dillon* v. *Anderson*, 43 id. 231 ; *Hamilton* v. *McPherson*, 28 id. 76 ; *Gray* v. *Fowler*, L. R. [8 Exch.] 282.) Bauer could compel Borger to complete if the contract had been genuine, because trifling objections will not defeat specific performance. (*Winne* v. *Reynolds*, 6 Paige, 407 ; Waterman on Spec. Perf. § 415 ; *Guynet* v. *Mantel*, 4 Duer, 86.) A substantial performance of the indemnity agreement, or of any contract, is all that the law exacts. (*Hackman* v. *Pinkney*, 81 N. Y. 211 ; *Nolan* v. *Whitney*, 88 id. 648 ; *Glacius* v. *Black*, 50 id. 145.) Borger could have been forced to take a title, if perfect, at time of trial or decree, and hence the failure of Bauer to sue him is a voluntary abandonment of the alleged contract. (*Viele* v. *T. & B. R. R. Co.*, 21 Barb. 381 ; *Dutch Church* v. *Mott*, 7 Paige, 77 ; *Jenkins* v. *Fahey*, 73 N. Y. 355, 359 ; *Hepburn* v. *Auld*, 5 Cranch, 262 ; *Winne* v. *Reynolds*, 6 Paige, 407 ; *Dressel* v. *Jordan*, 104 Mass. 407.) Bauer was entitled to a reasonable time to remove an unimportant objection to the title. (*Willis* v. *Dawson*, 34 Hun, 492.) It was no defense to this foreclosure that an eject-

ment action had been instituted for one corner of the block. (*Ryerson* v. *Willis*, 81 N. Y. 280 ; *Yonk* v. *Allen*, 30 id. 104 ; *Curtis* v. *Bush*, 39 Barb. 661 ; *McConihe* v. *Fales*, 107 N. Y. 404 ; *Greene* v. *Tallman*, 20 id. 191.)

FINCH, J. The counter-claim asserted by the defendant rested upon two facts : one, the contract of indemnity executed by the plaintiff relative to the encroachment of the street railroad company upon the lands agreed to be purchased ; and the other, an alleged failure of a later and more profitable contract between the defendant and Borger for the sale of the same land, which failure was traced to the presence of that encroachment. There is no doubt that at the date of each contract the tracks of the railroad were in fact located upon the land in controversy, and to the knowledge of both plaintiff and defendant; but the trespass was unintentional and incidental, growing out of uncertainty as to the lines of an unopened street, without any claim of right, and ended by the ultimate removal of the rails. How a damage of thirty-six thousand dollars was to result to the defendant from this harmless trespass which never challenged his title or right of possession, is disclosed by the two contracts, in the first of which the plaintiff was vendee, and in the second an apparent and alleged vendor. Knowing of the encroachment at the closing of the contract of purchase, he required to be executed and delivered by the vendor the covenant upon which the counter-claim in this action rests, and which is as follows : " I hereby covenant and agree within thirty days hereafter either to obtain the execution by said railroad of a lease of said premises in a form satisfactory to Moritz Bauer (containing the privilege of the lessor to recover possession of the premises upon thirty days' notice), or to have the tracks of said railroad company entirely removed from said lands. And I hereby expressly covenant and agree to indemnify and save harmless the said Moritz Bauer of and from all loss and damage which may arise from the encroachment of the tracks of said railroad company upon said land, including loss of profits in any future transaction in respect to said lands."

The original contract was dated May 4, 1887, and provided for performance by both parties on July sixth following. That performance was several times postponed but was finally fixed for the third of August. On that day there were produced and delivered to the vendee a letter from the railroad company substantially acknowledging the encroachment, explaining its accidental and unintentional character, and agreeing to remove the tracks upon thirty days' notice, and one in reply from the vendor by which he accepted the company as a tenant liable to removal on thirty days' notice. These papers were unsatisfactory to the defendant, who declined to regard them as a lease, and who required for his further protection the covenant of indemnity above recited, upon the execution of which he accepted the title. Negotiations were thereafter commenced by the vendor for a formal lease, which were delayed beyond the thirty days under circumstances which quite plainly indicated a waiver of time as a material or essential element of the contract. But during the period of that delay, and before the track was removed, he entered into a formal contract with Borger for the sale of the premises at an advance of thirty-six thousand dollars. The vendor testifies that the vendee was his intimate friend, and yet he never told him of the encroachment or the existing situation relative to its removal, but left him to discover it for himself. Borger did so, and although there were other and better grounds on which to object to the title tendered, he waived them all and refused to perform on the sole ground of the encroachment by the railroad company.

The General Term have held, upon a view of all the circumstances attending the transaction, that the contract with Borger was a sham, devised solely to furnish a basis for damages against the original vendor, and not made in good faith. There is quite enough to justify that conclusion, and the refusal to find as a fact the actual existence of that contract, and also the finding that only nominal and no real or actual damages resulted are, in our judgment, supported by the evidence.

It is obvious that the contract was one of indemnity merely

so far at least as loss of profits was involved. The covenant as to that was explicitly to indemnify and save harmless. The burden was thus put upon the defendant of establishing such a loss as the natural and legitimate consequence of the plaintiff's breach. But the alleged loss from the failure of the Borger contract was ineffectual for two reasons. Bauer might have enforced that contract. An accidental trespass, conceded to have been without title and without right, upon a part of the lands agreed to be conveyed, furnished no justification for Borger's refusal and would have been no defense to an action for specific performance. If he had taken from Bauer a full covenant deed no one of the covenants would have been broken, and no action upon them could have been maintained. The vendor had a seizin in fee and full right to convey. The covenant of warranty and for quiet enjoyment is not broken by a bare trespass not amounting to an eviction. And that against incumbrances implies for its basis some outstanding right or claim of right. Bauer's deed to Borger, if accepted, would have given the latter everything which the contract required, and there was nothing in the accidental and admitted trespass which could have induced a court of equity to relieve him from his purchase. All this, conceded by appellant for the purposes of the argument to be a possible truth, is met by the answer that Bauer offered to assign his contract to plaintiff, to enable the latter to enforce it, who declined the offer. I do not think that is a sufficient answer. No such duty devolved or could be put upon the plaintiff. The transaction with Borger was one for which the plaintiff was in no manner responsible, and in which he had no interest except that it should be an honest one and honestly conducted and enforced. The duty of enforcing it, or showing that enforcement was impossible rested upon Bauer. He was bound fairly to prevent or lessen his loss before calling for his indemnity. If he desired to make the plaintiff responsible for the results of the litigation he could easily have offered to let him conduct it or aid in its progress, but an assignment of the contract the plaintiff was in no manner bound to accept. The damages, therefore, accrued from

the fault and bad faith of the defendant. He permitted the breach of his contract with Borger and abandoned it without necessity and without reason.

It is further to be remembered that if Bauer had sued Borger to compel a specific performance the former could have removed and was perfectly able to have ended the encroachment, as it was in fact ended, long before his action could have come to trial, and a perfect and flawless title then would have commanded the relief of performance. (*Jenkins* v. *Fahey,* 73 N. Y. 355.) And this conduct of the defendant, who abandoned his legal and equitable right in order to make a loss, and omitted an honest effort to protect not only himself but his indemnitor, coupled with the other facts and circumstances of the case, fully authorized the courts below to determine as a fact that the Borger contract and the alleged loss of profit were alike fictitious and collusive and not actual and honest. Those conclusions, resting upon sufficient evidence, are decisive upon this appeal.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.