## BLANCK v. SADLIER.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

JUDICIAL SALE—INCUMBRANCE—GOLD CLAUSE—MORTGAGE.

　　A purchaser at judicial sale of property which the notice stated was subject to a mortgage, without specifying in what money it was payable, cannot be relieved therefrom merely because the mortgage is payable in "gold coin of the United States, * * * of the present standard of weight and fineness." Van Brunt, P. J., and Williams, J., dissenting.

Appeal from trial term, New York county.

Action by Louis Blanck against Frank X. Sadlier, as receiver of the property of Cassidy and Adler. From a judgment on a verdict directed for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

E. J. Spink, for appellant.

Henry Yonge, for respondent.

INGRAHAM, J. The complaint alleges, and the answer admits, that in an action in the supreme court, in which one Cassidy was plaintiff, and Adler defendant, the defendant, Frank X. Sadlier, was duly appointed receiver of the property, real and personal, of the said Cassidy and Adler; and on or about the 6th day of June, 1895, the defendant, as such receiver, caused certain property of the said Cassidy and Adler, in the city of New York, known as "138 West 133d Street," to be advertised and sold at public auction, upon the terms of sale a copy of which is annexed to the complaint. By such terms of sale, it appears that the property was to be sold subject to a mortgage of $16,000, to be at 5 per cent., and having three years to run. On such sale the plaintiff became the purchaser of such property for the sum of $19,700, and paid therefor 10 per cent. of the purchase money, and the auctioneer's and exchange fees of $25. Plaintiff subsequently refused to accept the conveyance by the receiver, and brings this action to recover back the 10 per cent. and auctioneer's and exchange fees paid by him upon such sale, upon the ground that the mortgage which was a lien upon the property, dated January 3, 1894, and payable January 30, 1899, was payable in "gold coin of the United States of America, of the present standard of weight and fineness." The plaintiff objected to the title tendered, upon the ground that this provision in the mortgage as to payment imposed an additonal burden upon the property, which entitled him to refuse to complete his purchase. This case is clearly within the principles established in Riggs v. Pursell, 66 N. Y. 198. In making the sale the defendant did not act as the agent of the parties, but as the officer of the court. The sale was theoretically made by the court, through its officer, and the contract of the purchaser was with the court. The purchaser was entitled to all the property which the receiver undertook to sell, and which he rightfully supposed he was to receive. In that case it was said:

v.38N.Y.s.no.6—52

"A purchaser upon a sale will not be relieved on account of defects in the property, or the title thereto, of which he had notice, and in reference to which he made his bid; and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated, and that he would be injured by the enforcement of the contract. If every minute and critical objection to a judicial sale is sufficient to prevail, it will be attended with much inconvenience and embarrassment. A purchaser claiming to be discharged from his contract should therefore make out a fair and plain case for relief, and it is not every defect in the subject sold, or variation from the description, that will avail him. He will not be suffered to speculate at such sales, and, if he happens to make a bad bargain, to repudiate it and abandon his purchase on some nice, but immaterial, objection. If he gets substantially what he bargains for, he must complete the purchase and take his deed."

Assuming that the plaintiff was not chargeable with knowledge of the contents of this mortgage (a question which we do not determine), the question is whether the deed tendered to the plaintiff conveyed to him all the property which the receiver undertook to sell, and which the plaintiff rightfully supposed he was to receive, subject only to such an incumbrance as, under the terms of sale, was to remain upon the property. We think such a title was tendered to the plaintiff by the receiver. The property was sold subject to a mortgage of $16,000. Such mortgage was a lien upon the property, and the only objection taken to it by the plaintiff was that the kind of money in which it was payable was specified. There was no allegation in the complaint that the particular kind of money specified was any more difficult to obtain than any other money which would be a legal tender, and which would discharge an ordinary obligation. Nor was it alleged or proved that the holder of the property would be put to any additional expense or burden in obtaining such kind of money, that the value of the property subject to a mortgage specifically payable in gold would be affected, or that such an incumbrance upon the property would be more onerous than that of a mortgage that did not specify any particular kind of money as necessary to discharge the lien. The laws of the United States make gold and silver dollars legal tender, but only such gold and silver as has been coined into money by the United States. Since the resumption of specie payment by the United States, in 1878, it has been declared to be the policy of the government to maintain at an equality all of the various kinds of money—gold, silver and legal-tender notes—made by the laws of the United States legal tender for the payment of debts. Such having been the declared policy of the United States, and all contracts made having been based upon such declared policy,—that the various kinds of money which have been made legal tender for the payment of debts are of equal value,—a court can hardly assume that the government of the United States will reverse its policy, and by a debasement of its currency, or repudiation of its notes and obligations, justify and approve a repudiation of obligations and contracts entered into in pursuance of its laws, relying upon its declared policy. This plaintiff was entitled to a conveyance of the property purchased, subject to a mortgage of $16,000. Whether that mortgage was specifically payable in silver dollars of the United States, gold dollars of the United

States, or legal-tender notes of the United States, imposed no additional burden upon the owner of the property, so long as each was maintained by the government at an equality. And although the relative value of the amount of metal coined, under the laws of the United States, in silver and gold dollars, may have changed, such change has not affected, and cannot affect, the real value of the dollar, so long as the government, in which, by the constitution, is vested the power to coin money, preserves them at an equality, and gives to each the equality that has been maintained since the government of the United States assumed to coin money. The relative value of the metal contained in such gold and silver dollars has changed; at one time silver, and at another gold, having the greater intrinsic value. It cannot with certainty be said that on the 30th of January, 1899, gold will be of a greater intrinsic value than silver. There is no evidence in the case that at the present time either metal has a greater intrinsic value than the other, and we know of no principle upon which the court can take judicial notice of the comparative intrinsic values of the two metals, any more than of the value of any other article of commerce. Nor can this court assume that the government of the United States will repudiate its obligations, and refuse to pay, upon demand, its treasury notes, which it has made legal tender for the payment of debts. All that appears by the record is that this mortgage, to which the property sold was subject, is payable in gold coin of the United States. We can take judicial notice of the laws of the United States, and we thus know that the United States had declared its intention to keep all kinds of money issued or coined by it on an equality. In the absence of any evidence tending to show that gold coin is of greater value than any other of the various kinds of money made a legal tender by law, there is absolutely nothing upon which a court can base a finding that the fact that this mortgage was payable in gold coin imposed any greater obligation upon the purchaser of the property, or exposed the property to any greater incumbrance, than would a mortgage simply payable in money, without specifying the particular kind of money. And in the absence of such evidence the rule applied in the case of Riggs v. Pursell, supra, controls, i. e. that:

"A purchaser upon such a sale will not be relieved on account of defects in the property, or the title thereto, of which he had notice, and in reference to which he made his bid; and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated, and that he would be injured by the enforcement of the contract."

As before stated, there is absolutely no evidence here upon which the court could base any finding that this provision in the mortgage would impose any additional burden upon the property, or that plaintiff would not obtain, by the conveyance of the receiver, just what he bargained to receive, namely, the property subject to a mortgage of $16,000. When this case of Riggs v. Pursell, supra, was again before the court of appeals (74 N. Y. 378), the necessity of there being some fact upon which such a finding could be based was reiterated; and the evidence before the court on the renewed application to relieve the purchaser was commented on, and held to be suf-

ficient for that purpose. But so far as we can ascertain, the principle decided on the first appeal has never been questioned; and it seems to us clear that in the absence of any evidence showing that such a provision in a mortgage was an additional incumbrance upon the property, or rendered the property less valuable or marketable than a mortgage simply payable in dollars, without specifying the kind of dollars, the plaintiff was not justified in refusing to accept the title.

It follows, therefore, that the judgment must be affirmed, with costs.

RUMSEY and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. When I contract to pay for property, I may pay in any legal tender. When I take subject to an obligation, I may assume that I can discharge it in any kind of legal tender.

WILLIAMS, J., concurs.