## FORBELL v. DENTON et al.

(Supreme Court, Appellate Division, Second Department.  July 17, 1900.)

1. INSANITY — BOND OF COMMITTEE—LIABILITY OF SURETIES—VACATING JUDG-
   MENT.
       A judgment regularly obtained, upon the merits, against the committee
   of a lunatic, in an action for the settlement of his accounts as committee,
   will not be opened to enable the sureties on the committee's bond to de-
   fend the same, although they were not parties to said action, and the
   judgment was rendered without their knowledge.
2. SAME.
       Where, upon the death of a lunatic, his committee is appointed admin-
   istrator of his estate, before the settlement of his accounts as committee,
   and takes the custody of the moneys and effects of the lunatic, the bonds-
   men of the committee are not thereby discharged from liability for a de-
   fault of the committee occurring before his appointment as administrator.

Appeal from special term, Kings county.

Action by George U. Forbell, as committee of the person and estate
of William P. Forbell, an incompetent, against Ida L. Denton and
others, as administrators of the estate of William P. Forbell, deceased.
From an order denying a motion by David Van Wicklen to open a
judgment entered against George U. Forbell, said movant appeals.
Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD,
and HIRSCHBERG, JJ.

William C. De Witt, for appellant.
I. Newton Williams (Thomas J. Keigharn, on the brief), for re-
spondent.

WOODWARD, J.  The plaintiff, George U. Forbell, was the com-
mittee of a lunatic named William P. Forbell.  The lunatic is now
dead, and the defendants (one of whom is the plaintiff) were duly ap-
pointed as administrators, but George U. Forbell has since been re-
moved.  While both of them were administrators, this action was
brought by the committee, said George U. Forbell, against himself
and the other defendant as such administrators, to settle his accounts
as such committee.  Judgment was entered in favor of the defendants
as administrators against the plaintiff for $9,874.76, the amount found
to be due to the estate of the lunatic from the said George U. Forbell,
as such committee.  Jacob Lott Van Wicklen was one of the sureties
on the bond given by the said George U. Forbell as committee.  He is
now dead, and this motion is made by David Van Wicklen, one of the
heirs of Jacob Lott Van Wicklen, who asks to be allowed to come in
and defend the action.  This motion was not made until the bond
which Jacob Lott Van Wicklen made was sought to be enforced,
George U. Forbell, the committee, being insolvent, and unable to pay
the amount of the judgment.  On the hearing the motion was denied,
and appeal comes to this court.

It is conceded that the decree and judgment in this action are bind-
ing upon the sureties, under the doctrine of res adjudicata, although
they were not parties, and had no knowledge whatever of the pendency

of this action. Douglass v. Ferris, 138 N. Y. 192, 201, 33 N. E. 1041, and authorities there cited. It is urged, however, that this court has the power, and ought of right, to open the judgment, and let the sureties in to be heard and defend,—citing Jewett v. Crane, 35 Barb. 206, and various authorities; but none of them, in our opinion, is applicable to the facts of this case. In Jewett v. Crane, supra, the learned court lays down the propositions that, if the judgment has been irregularly obtained, sureties can be heard, if they apply seasonably, on motion to set it aside and let them in to defend the original action; and that sureties may be let in to defend on the merits, in the place of the defendant for whom they were bound, even after a regular judgment, if it is necessary for their protection, on suitable application, and excusing laches. It is not to be questioned that this states fairly the practice, but it was not necessary to the determination of the question then before the court. In the case at bar the plaintiff brought the action. He appeared by counsel throughout the trial, and a judgment against him upon the merits, which found that he, as the committee of the lunatic, was indebted to the estate for a given amount, must be conclusive, not alone upon the plaintiff, but upon his sureties. Douglass v. Ferris, supra. Sureties are regarded with indulgence in everything depending upon the discretion of the court, and within this principle they must be permitted, where that can be justly or equitably done, to protect themselves against liability, where their principal shall fail to do so by proceeding in, or resisting, the litigation for which they become bound in his name (Hoffman v. Steinau, 34 Hun. 239); but we find no adjudicated case in which the sureties have been permitted to interpose a defense where the judgment was regular, or where their principal has appeared in the action, and litigated the questions involved.

The principal contention of the appellant is that upon the appointment of Forbell as administrator there was, as matter of law, a transportation of all of the funds and effects of the incompetent from the custody of the committee to that of the administrator, and that the bond of the committee was virtually discharged; that the responsibility passed to Forbell as administrator; and that for any default his bondsmen as administrator were liable. No title to the property of a lunatic passes to the committee. A trust is, no doubt, discharged by the committee of the estate of a lunatic; but the trust is in the court, and the committee acts under its appointment as agent, officer, or bailiff. Through him the court must preserve the property intrusted to it, and therewith maintain the lunatic and his family; but the lunatic is not devested of his estate or property rights, and the legal title thereto remains as before. Nothing has been taken from him but its control and management. Kent v. West, 33 App. Div. 112, 116, 53 N. Y. Supp. 244, and authorities there cited. When the court appoints a committee, and accepts a bond for the faithful discharge of the duty which the court has assumed, the proceeding for the adjustment of the accounts of the committee is incidental to the jurisdiction acquired and exercised over the property of the lunatic. Until the accounts of the committee are closed, and the fund directed to be handed over, they and the fund in their hands remain necessarily under the

control of the court. In re Butler, 8 Civ. Proc. R. 56. Can it be said that a committee, acting in behalf of this court, may embezzle the funds of a lunatic, and that his bondsmen can escape liability for the loss to the estate of the lunatic, because the committee has subsequently, and before a settlement of his accounts as such committee, been appointed an administrator of the lunatic's estate? If it cannot, then the appellant has no standing on this appeal. On the death of the lunatic, his estate passes to his legal representatives without any action on the part of a committee; but if that estate has been impaired during the time that its management has been in the hands of the committee, so that there is little or nothing to come into the hands of his administrators, as in the case at bar, the bondsmen of the committee are bound in law to make good that loss to the estate, and that obligation cannot be lessened because the committee happens to be one of the administrators. The defendants, as administrators of the lunatic's estate, were entitled to receive the property of the lunatic. If this was made impossible by the misconduct of one of them while acting as committee, it is the duty of the bondsmen of such committee to make good the loss, and that burden cannot be turned over to the bondsmen of the administrator. They assume only the responsibility of answering for the conduct of the administrators, not for the wrongs of the committee; and, until the court had determined the amount due from the committee to the estate, and until that fund had been turned over to the administrators, who had the legal title to whatever belonged to the estate of the lunatic, the liability of the administrators' bondsmen did not attach.

It is not claimed that there is any irregularity in the judgment. It is conceded that it binds the appellant, and, as he has no superior equities to the heirs of the lunatic, we fail to discover any reason why he should be permitted to come in and defend upon the theory which is asserted on this appeal. In the case of Gottsberger v. Taylor, 19 N. Y. 150, relied upon by the appellant, the court held that the money collected by Smith as agent for Henry, while the latter was collector of the estate, came into his hands while acting in a fiduciary relation, and that the presumption was thus raised that there had been no violation of duty on the part of Smith, and that the money was still in his possession at the time he gave the receipt to Henry, at which time the liability of the sureties attached. In the case at bar, however, there is a judicial determination that the committee owes the estate of the lunatic a given sum of money. The execution issued upon the judgment has been returned unsatisfied, and there is no suggestion that the money or property was in the hands of the committee at the time the bond of the administrators was made and executed. Whatever presumptions may have existed in favor of the committee were available in the action brought by the committee for a settlement of the accounts, and the judgment which determined that the committee was indebted to the estate, and which has not been paid, disposes of the question. If the administrators had given the committee a receipt for the property, if there was any suggestion of anything more than a technical defense, and one which is without superior equities to commend it to this court, there might be some justifi-

cation for reversing this order. Under the circumstances of this case, however, no end of justice is likely to be served by such a disposition, and the matter calls for an affirmance of the order.

The order appealed from should be affirmed, with costs. All concur.