In re CHANLER. (Supreme Court, Appellate Division, Second Department. March 15, 1901.) Application by Prescott Hall Butler, as committee of John Armstrong Chanler, an incompetent person, for leave to sell real estate. From an order of the special term refusing to compel John C. Livingston, the purchaser, to complete his purchase. and directing petitioner to repay the amount of the down payment, with costs and disbursements, petitioner appeals. Thomas T. Sherman, for appellant. C. N. Bovee, Jr., for respondent.

PER CURIAM. Order affirmed.

WOODWARD, J. (dissenting.) Prescott Hall Butler, as committee of John Armstrong Chanler, an incompetent person, made an application to the supreme court, pursuant to the provisions of section 2348 et seq. of the Code of Civil Procedure, resulting in an order authorizing the petitioner to enter into a contract to sell the property known as the "Ore Lot Farm," located in the town of Rhinebeck, in the county of Dutchess. Acting under. this order the petitioner entered into a contract with John C. Livingston for the sale of said land to the said Livingston for the price of $35,000. Three thousand five hundred dollars of this amount was paid upon the execution of the agreement, and the remainder was to have been paid upon the delivery of the deed. This order was subsequently approved by the court, and the petitioner was directed to execute a deed to the purchaser of the premises. No question is raised as to the regularity of these proceedings, and their sufficiency is conceded; but when the petitioner, through his attorney, tendered the deed of said premises, executed as directed by the order of the court, Mr. Livingston, through his attorneys, refused to accept the deed or to pay over the balance of the purchase money, alleging the following reasons: (1) That the petitioner could not give the purchaser possession of said real property, because there was a tenant in possession thereof; (2) because the gore or piece of land between the railroad track and the river, described in the contract, was not the most southerly of the two gores or projections of land between the railroad track and the river which exist, and which most southerly of said two gores is owned by the railroad company; (3) because the deed tendered conveyed 359 acres of land, instead of 370 acres, as mentioned in the contract; and (4) that the description contained in said deed tendered was not sufficiently definite, or in accordance with an actual survey of the property which had been made for the purchaser. A few days later the attorneys for the purchaser wrote to the petitioner's attorneys that they made the further objection to the title that the premises were subject to an easement or right of way by the owner of the gore at the western part of the premises to and from said gore to the Hook or River road on the easterly boundary of the premises. The deed was tendered on the 20th day of July, 1900, and on the 17th day of September, 1900, the said Livingston, the purchaser, obtained an order of the court requiring the petitioner to show cause in New York county why he should not repay to said Livingston the sum of $3,500 paid by him on account of said contract, with interest and expenses. Thereafter the petitioner instituted this proceeding to compel the purchaser to complete his contract. Upon the hearing of this application the learned court below disregarded all of the objections urged, except the first one. that a tenant was in possession, and upon that ground denied the application. The purchaser was thereupon relieved from his contract. and the petitioner was directed to restore the $3,500 paid upon the purchase price, with interest and other disbursements aggregating several hundred dollars. From the order entered appeal comes to this court. The petitioner is the officer of the court; the sale was, in theory, made by the court (Blanck v. Sadlier, 5 App. 81, 83, 38 N. Y. Supp. 817; Carter v. Beckwith, 128 N. Y. 312, 316, 28 N. E. 582; Forbell v. Denton, 53 App. Div. 402, 405, 65 N. Y. Supp.

1120); and, in the absence of any suggestion of misconduct on the part of the petitioner, the good faith of the transaction cannot be open to question. We are unable to find that the doctrine of Riggs v. Pursell, 66 N. Y. 193. has ever been questioned, and this case lays down the rule that a purchaser at such a sale will not be relieved on account of defects in the property or the title thereto, of which he had notice and in reference to which he made his bid, and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated and that he would be injured by the enforcement of the contract. What, then, was the object of Mr. Livingston's purchase? Will he be injured by being compelled to complete his purchase? These are the questions which should have addressed themselves to the mind of the court in disposing of the matters before it; and, tried by this test, we are unable to concur in the conclusion of the court below. Mr. Livingston had in view the purchase of the property involved in this litigation for the purpose of a suburban or rural home. He intended to erect a residence overlooking the Hudson river, surrounded by broad acres, not, as we may presume, for raising corn and potatoes for the markets, but as a suitable environment for the summer home of a prosperous gentleman. He visited the premises personally; he went all over them, even down to one of the gores on the margin of the river, making inquiries about the extent of the same, and whether it included property between the railroad tracks and the river; and he is chargeable with knowledge of what was apparent and obvious upon the premises. Kingsland v. Fuller, 157 N. Y. 507, 510, 52 N. E. 562, and authority cited. It is equally true that with respect to the existence of the house of the fisherman upon the most southerly of the two gores, which was in plain sight of the purchaser and which he now complains of, he had such knowledge of the fact as was calculated to put him on inquiry as to the existence of any right or title in conflict with that which he was about to purchase; and the law will presume that he made the inquiry and ascertained the extent of such prior right, or that he is guilty of a degree of negligence fatal to his plea of ignorance. Kingsland v. Fuller, supra, citing Williamson v. Brown, 15 N. Y. 362. Mr. Livingston was aware of the fact that he was dealing with the committee of a lunatic; that the proceedings were necessarily slow, owing to the fact that the court must approve of the transaction in its various stages. Under the circumstances, knowing that the prudent management of the estate required that it should be in the immediate possession of some one, Mr. Livingston could hardly claim that the object of his purchase was defeated, or that he would be injured by the completion of his contract, by the fact that there was a tenant in possession of the premises under a lease, which expired by its terms upon the consummation of the sale. It is quite probable that Mr. Livingston actually knew that the tenant was in possession, and there is some ground for supposing that he waived the objection; but whether he did or not is not very material in our view of the matter, as it was within the power of the court to have directed the completion of the contract upon the removal of the tenant, and to have ordered the petitioner to take the steps necessary to effect this end, even to the payment of the sum alleged to be demanded by the tenant for his growing crops. To have paid $700 and tendered the purchaser the *immediate possession* of the premises, considering the sum involved, would have been a much better disposition of the funds of the estate than to permit the purchaser to discredit the title, receive back his advance payment, with 6 per cent. interest, and to pay the costs and expenses, aggregating a sum equal to that which it is alleged would have been necessary to gain possession from the tenant; it being assumed, as it must be, that the $35,000 agreed to be paid was a fair consideration for the premises. The fact that the petitioner was not in a position to deliver possession at the exact time of tendering the deed, under the circumstances of this case, is not sufficient to relieve the purchaser; and if the court was prepared, through the petitioner, to give a merchantable title within a reasonable time, there is no reason to suppose the purchaser would suffer any inconvenience or damage from the delay. See Jenkins v. Fahey, 73 N. Y. 355, 359; Horton v. Bauer, 129 N. Y. 148, 155, 29 N. E. 1. There is no merit in the objection that the premises contained less land than mentioned in the contract of sale. The agreement was to sell the land "lying between the post road on the east and the Hudson river on the west, known as the 'Ore Lot Farm,' as the same is now owned by said John Armstrong Chanler, * * * containing three hundred and seventy acres of land, be the same more or less." The survey showed that the farm owned by Chanler, within the boundaries mentioned, contained 360 acres in round numbers; and, the sale being of the farm, not of a given number of acres, the mention of the number of acres, more or less, in the farm, was not a material matter, and the variation does not affect the question. Canal Co. v. Emmett, 9 Paige, 168. It is true that the doctrine of this case is somewhat modified by Belknap v. Sealey, 14 N. Y. 143, but not to the extent of holding that a farm purchased as a whole, for a stated sum, and which merely mentions a number of acres by way of estimate, is required to contain the number of acres mentioned. See Callmeyer v. Mayor, etc., 83 N. Y. 116, 120; Paine v. Upton, 87 N. Y. 327. From an examination of the whole matter we are satisfied that the duty the court owed to the estate of Chanler was to compel the purchaser to carry out his contract, that the objections urged are not such as should be permitted to defeat the sale, that none of them has any substantial basis, except the first one, and that this may be obviated. The order appealed from should, we think, be reversed, and the petitioner should be directed to take the steps necessary to convey the premises and make delivery of the same to the purchaser upon his complying with the terms of the sale, which should be directed.