EDWARD R. APARICIO, Respondent, *v.* NEW ENGLAND EQUITA-BLE INSURANCE COMPANY, Sued as NEW ENGLAND CASUALTY COMPANY, Appellant.

First Department, March 30, 1917.

Judgment — impeachment for fraud — perjury and false testimony in original case insufficient — action on undertaking given for purpose of reclaiming goods — perjury in action in which undertaking was given no defense — injunction — adequate remedy at law by motion for new trial.

The fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action. Perjury and false testimony in the original case are not grounds upon which to base such an action.

Hence, in an action upon an undertaking, executed by the defendants in an action, for the purpose of reclaiming goods from the sheriff, in which action the plaintiff duly recovered judgment upon which execution was issued and returned unsatisfied, an alleged defense that the judgment against the defendants was obtained through the perjury of the plaintiff is insufficient as a basis for an injunction restraining the plaintiff from enforcing the judgment, as the defendant has a complete remedy at law by motion for a new trial in the original action.

APPEAL by the defendant, New England Equitable Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of November,

1916, sustaining a demurrer to a defense and counterclaim and granting plaintiff's motion for judgment on the pleadings, and also from the judgment entered in said clerk's office on the 10th day of November, 1916, pursuant to said order.

*Theodore du Moulin* [*Laurence A. Sullivan* with him on the brief], for the appellant.

*Herman Espen*, for the respondent.

Judgment and order affirmed, with costs, on opinion of DELEHANTY, J., at Special Term.

Present — CLARKE, P. J., LAUGHLIN, SCOTT, DAVIS and SHEARN, JJ.

The following is the opinion delivered at Special Term:

DELEHANTY, J.:

Motion for judgment on the pleadings. The action is brought upon an undertaking executed by the defendant. It is alleged in the complaint that in May, 1914, the plaintiff instituted an action against Alberto de Arteaga and Eugene Richards to recover the possession of certain personal property; that the undertaking sued upon herein was given in that action for the purpose of reclaiming the goods in question from the sheriff; that the plaintiff duly recovered judgment against the defendants therein for the sum of $1,197; that execution on said judgment was issued and returned unsatisfied, etc. The defendant has interposed a separate defense and counterclaim which, in substance, alleges that the judgment against de Arteaga and Richards was obtained through the perjury of the plaintiff, and that had he testified truthfully the liability of the defendant upon its bond would not have arisen, etc. An injunction is sought restraining the plaintiff from proceeding herein or taking any action by virtue of the judgment obtained. Plaintiff demurs on the ground that the facts stated are not sufficient to constitute a defense or counterclaim. It is doubtless true that a judgment can be set aside for fraud by an action brought for that purpose, but it is the settled law of this State that the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the

action. The principle on which this rule rests is found in the maxim that it is for the general welfare that a limit be put to litigation. (See *Crouse* v. *McVickar*, 207 N. Y. 213, 218.) Perjury and false testimony in the original case are not grounds upon which to base such an action. (*Crouse* v. *McVickar*, *supra*; *Standard Fashion Co.* v. *Thompson*, 137 App. Div. 588, and authorities there cited.) As was stated in the *Crouse* case, however, it does not follow that a defeated litigant is without redress for perjury. He can apply in the original action and in a proper case obtain relief. In *Standard Fashion Co.* v. *Thompson* (*supra*) it was held upon a motion for judgment on the pleadings that a complaint which in substance alleges that a judgment for personal injuries obtained against the plaintiff was secured by the defendants on perjured testimony, pursuant to a conspiracy which did not come to the knowledge of the plaintiff until after trial, does not state a cause of action for equitable relief, as there is a complete remedy at law by motion for a new trial. This statement of the law governs the case at bar, and is not in conflict with the rule laid down in *Brownell* v. *Snyder* (122 App. Div. 246), relied upon by the defendant. There it was held that a judgment obtained by fraudulent collusion between the plaintiff and the defendant for the purpose of charging the surety may be impeached collaterally by such surety, because, as stated, that is his only means of availing himself of the fraud. Here no collusion between the parties is alleged. Moreover, the defendant has a right to apply for relief in the original action. In *Hoffman* v. *Steinau* (34 Hun, 239) it was held that a surety upon an undertaking had a right to come in and prosecute an action on behalf of the plaintiffs in order to protect himself upon his undertaking. In *Boessneck* v. *Bab* (27 Misc. Rep. 379) it was held that a surety upon an undertaking given by the defendant in an action of replevin to regain possession of the chattels replevied will be permitted to come in and defend the action to protect itself from liability upon the undertaking. In *Lyon* v. *Tallmadge* (14 Johns. 501) it was held that sureties for the sheriff had a right to contest by writ of error the legality of the judgment recovered against their principal, and which they would be obliged to pay in case it should be sustained. In

*Jewett* v. *Crane* (35 Barb. 208) the court lays down the proposition that if a judgment has been irregularly obtained, sureties can be heard, if they apply seasonably, on motion to set it aside and let them in to defend the original action; also that sureties may be let in to defend on the merits, in the place of the defendants for whom they were bound, even after a regular judgment, if it were necessary for their protection, on suitable application, and excusing laches. In referring to *Jewett* v. *Crane* the Appellate Division of the Second Department in *Forbell* v. *Denton* (53 App. Div. 402, 404) said that while the foregoing proposition was not necessary to the determination of the question then before the court, "it is not to be questioned that this states fairly the practice." It is my opinion, therefore, that the defendant has a complete remedy at law through a motion for a new trial, and under the authorities cited the demurrer is sustained, with ten dollars costs. Settle order on notice.